# THE PENINSULAR CONSTRUCTION COMPANY *vs.* WILLIAM C. MERRITT, ET AL.

*Injunction to Restrain Actions at Law—Multiplicity of Suits.*

A bill alleged that numerous creditors of A had laid attachments in plaintiff's hands to affect a supposed indebtedness from plaintiff to A, but that no such indebtedness existed ; that plaintiff had pleaded *nulla bona* to the attachments and that A had subsequently instituted an action at law against plaintiff for the same alleged debt ; that plaintiff is subjected to a multiplicity of vexatious suits and the danger of a double liability for the alleged indebtedness. The bill prayed for an injunction restraining the prosecution of the actions and that all of the controversies might be adjudicated in one proceeding in equity. *Held*, that the bill does not state a case which entitles plaintiff to the injunction, but that he should defend the suits at law.

Appeal from an order of the Circuit Court No. 2, of Baltimore City (STOCKBRIDGE, J.), refusing the injunction asked for.

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE and SCHMUCKER, JJ.

*William L. Marbury* and *John Peirce Bruns* (with whom were *Archibald H. Taylor* and *E. P. Keech, Jr.*, on the brief), for the appellants.

*J. Markham Marshall* (with whom was *Howard Bryant* on the brief ) for the appellee, Merritt. The Court declined to hear *Thomas B. Mackall*, for other appellees.

PEARCE, J., delivered the opinion of the Court.

This appeal is taken from a decree of the Circuit Court No. 2, of Baltimore City, refusing a preliminary injunction. The facts of the case are few and simple, and we regard the law by which its disposition must be controlled as free

from serious doubt. The bill makes the following aver-
ments : That the appellant is a corporation of the State of
West Virginia for the construction of railways, and that be-
ing engaged in the construction of the Queen Anne's rail-
way, it sub-let a portion of the work to the appellee, Wil-
liam C. Merritt ; that after performing in an unsatisfactory
manner part of the work under his contract therefor, and
after receiving from the appellant an amount largely in ex-
cess of what was justly due for the work performed, he
abandoned his contract, which the appellant was obliged to
complete to his great loss and injury, and that there is
nothing whatever justly due to said Merritt under said con-
tract ; that the other defendants, thirty-seven in all, claiming
to be creditors of Merritt, had instituted attachments, to all
of which the appellant had been summoned as garnishee,
and to all of which it had appeared and pleaded *nulla bona ;*
that since the institution of said attachment suits, Merritt
had brought an action of *assumpsit* to recover $50,000.
claimed to be due him for work and labor and materials under
said agreement, to which action the appellant had appeared
and pleaded *non assumpsit,* that this suit and said thirty-seven
attachments were still pending, and that the causes of
action in both were the same, the attaching creditors seek-
ing to fasten upon the same alleged indebtedness claimed
by Merritt in his suit ; that the effect of the situation thus
stated was to subject the appellant to a multiplicity of vex-
atious suits, to unnecessary costs and charges, and to the
danger of a double liability for the alleged indebtedness,
and that it was therefore entitled to have all said suits de-
termined through one proceeding in equity, by means of
issues to be framed and tried as might be thereafter
directed. The prayer of the bill was that all the contro-
versies might be adjudicated in equity in one proceeding,
and that in the meantime, the further prosecution at law of
all said suits be restrained by injunction.

We are unable to discover in the Record any ground for
invoking the equitable jurisdiction of the Court. There is

no proof that the appellant is threatened, as it alleges, with a multiplicity of vexatious suits and actions.   The attachments which are pending, are indeed quite numerous, but each of them was instituted in an appropriate jurisdiction ; each is based upon a distinct and independent cause of action, evidenced with the particularity required by the statute, and verified by affidavit.   So far, therefore, as these attachments alone are concerned, we can conceive of no ground upon which we could declare them vexatious, and of no reason why the mere number of such suits should be made the occasion of divesting the Courts of law of their conceded jurisdiction.   Certainly the Maryland cases cited by the appellant do not sustain its contention that " in this State equity has jurisdiction on the sole ground of preventing multiplicity of suits, without regard to any other consideration."   In all of these cases, there will be found special grounds for the interposition of equity.   In *Lucas* v. *McBlair*, 12 G. & J. 1, the injunction was granted to *prevent the Commissioners of Lotteries from granting Lottery Licenses and selling tickets, in violation of the rights of the Town Hall Commissioners of Baltimore City, under an Act of Assembly*, and to prevent the necessity of the bringing of a multiplicity of suits by the complainants to protect their franchise.   So in *Snowden* v. *The Dispensary*, 60 Md. 80, the relief was granted because the bill prayed a discovery of all fees which had been, or should have been, collected by Snowden as sheriff, and which was essential to prevent numerous suits by the different dispensaries, with judgments for varying amounts according to the proof in each case, and to secure among all the dispensaries the equal distribution of the fines prescribed by the Act of Assembly. In *Scarborough* v. *Scotten*, 69 Md. 137, the injunction was granted, because the actual delivery up of the several notes in controversy, was necessary to enable complainants to recover the value thereof *at that time*, since both in trover and replevin the measure of damages recoverable would not give the full and adequate relief assured by delivery of

the notes, with the present right of action thereon. We may properly refer here to *Home Life Insurance Co.* v. *Caulk*, 86 Md. 385, as the latest expression of this Court pertinent to this case, in which it was held that the mere fact that several attachments by different persons are laid in the hands of one holding funds belonging to the defendant-debtor, does not of itself entitle such garnishee to file a bill of interpleader against such creditors.

It was contended, however, that the effort to force Merritt's suit to trial before the trial of the several attachment suits, exposed the appellant to the risk of a double liability, and that upon this ground the jurisdiction of equity was clear. But we cannot adopt this view. The appellant was not a stakeholder between contending parties, as was Beaston in the case of *Farmers' Bank* v. *Beaston*, 7 G. & J. 429, relied on by him to sustain this contention. Beaston *admitted his indebtedness in a specific sum to the Elkton Bank,* and the Court intimated surprise that in the conflict of claims between the attaching creditors he had not brought them into chancery, where the rights and priorities of each might have been adjudicated without prejudice to him. But the appellant denies any indebedness whatever to Merritt, and there is no conflict of claim between the attaching creditors, so that the case cited can have no weight as authority in this case. Indeed, the denial of indebtedness alone is sufficient to show that the injunction cannot be granted, because, as stated in *Worthington* v. *Lee*, 61 Md. 536, "in order to entitle the plaintiff to restrain proceedings at law, the bill must show grounds upon which the action at law can be sustained, or otherwise the bill is demurrable. In other words, the bill must show a real necessity for coming to the Court for the injunction." And if there is no indebtedness from the appellant to Merritt as averred by the bill, there can be no recovery, either by him, or any of the attaching creditors. But we do not think the mere pendency of Merritt's suit, nor its mere pressure to trial before the trial of the attachment suits, exposed the appellant to a double liability,

because, however the law may be elsewhere, it has been settled in this State, ever since the case of *Brown* v. *Somerville*, 8 Md. 444, that where the defendant in the attachment sues the garnishee on the attached *chose*, the garnishee may plead the pending attachment in abatement.    JUDGE TUCK said :    " At any time before such application (that is application of the thing attached, to the payment of the defendant's debt to the plaintiff) has been made, the defendant may sue his debtor, the garnishee, on the attached *chose*, and recover unless he pleads the pending attachment in abatement.    If it has progressed to judgment and payment, or execution executed, this constitutes a defence in bar.    This view of the law does no injustice to any of the parties if they adopt the proper mode of proceeding.    The plaintiff in the attachment cannot complain, if, having neglected to prosecute the remedy of his choice, according to the exigency of that process, he ultimately loses its benefit ; and the garnishee incurs no risk of a payment to both his own creditors and the plaintiff in the attachment, because as we have seen, he may in one condition of the attachment case make it the ground of abating the defendant's suit against him, and in the other aspect may defeat it altogether."

If the appellant be now exposed to the risk of a double liability it is not the consequence of the institution of any of these suits, nor of anything done by the plaintiffs in the progress of such suits, but of its own election to plead to the merits in the principal suit, instead of pleading in abatement.

As the views we have expressed will require us to affirm the decree, we do not think it expedient to consider whether the damages claimed by Merritt from the appellant can be made the subject of attachment, or to express any view on the question of *laches* in filing the bill.    The decree will be affirmed, with costs above and below.

*Decree affirmed.*