## BALTIMORE & OHIO R. R. CO. *vs.* GUY W. LATIMER.

*Suits at law: settlements; when no estoppel. Judgment: injunction to restrain—; fraud, etc. Justices of the Peace: review by Circuit Courts.*

An appeal to the Circuit Court from a judgment of a justice of the peace was settled and the following receipt given, "Received of Defendant Company Fifty ($50.00) Dollars in settlement of above case by compromise," which was signed by the plaintiff's counsel. Subsequently, the plaintiff brought a new suit for injuries claimed, growing out of the same transaction; an injunction was applied for to the Circuit Court to restrain the proceedings on the ground that the above receipt was in settlement of all litigation for the same injury; it was *held,* that the receipt did not operate upon the

plaintiff as an estoppel against any further litigation and the application for the injunction was refused.          p. 188

Where a party has a defense at law and neglects to avail himself of it, equity will not interfere.          p. 186

A party in Court is bound to be present in person or by attorney to take care of his rights and attend to their due prosecution, and cannot make the omission to perform the duty, of itself a foundation for an injunction.          pp. 186-187

Where fraud in obtaining a judgment is alleged as the basis of an application for an injunction to restrain its prosecution the facts constituting the fraud must be set out in full so that the Court may see whether, if true, they would constitute fraud in law.          p. 186

An injunction will not be granted by a Circuit Court to restrain a plaintiff from proceeding further in a suit brought before a justice of the peace, in the absence of any averment that the justice of the peace had no jurisdiction or that the judgment was obtained irregularly; that there had been no service of process, etc., or that there was fraud, collusion or surprise.          p. 186

A Circuit Court sitting as a Court of Equity cannot review cases heard at law by justices of the peace, where all the matters alleged in the bill in criticism of the powers of the magistrate to consider a cause or render a judgment, are matters which the defendant could have set up in a defense to the action, equity will not interfere.          p. 187

*Decided May 10th, 1912.*

Appeal from the Circuit Court of Prince George's County (BEALL, J.).  The facts are stated in the opinion of the Court.

The following is the opinion of the lower Court (BEALL, J.), adopted and ordered by the Court of Appeals to be published in full.

The bill in this case prays for an injunction against the defendant, Guy W. Latimer, enjoining him from proceeding

further in a suit brought before Justice of the Peace Sakers, and to prohibit said Latimer from instituting any further or other suit before said justice or any other justice of the peace against the plaintiff for or on account of any alleged injuries to said Latimer or his property by reason of a nuisance created by the tracks or use of the same by the plaintiff.

The injunction was granted upon bond being given, and the defendant Latimer, having demurred to the bill, thereby raises the question of the sufficiency of said bill to authorize the issuance of the injunction.

The bill states that Latimer sued the plaintiff before A. Sakers, justice of the peace for said county, Nov. 27, 1908, for one hundred dollars ($100) damages and obtained a judgment, the cause of action being set out in a bill of particulars, a copy of which is Exhibit No. 5 to the bill. The Railroad Company appealed, and the case was continued from time to time to the October Court, 1910, when about November 25, 1910, the Railroad Company paid fifty dollars ($50) upon a proposition from Latimer's counsel, which was accepted by the Railroad Company, "to terminate and adjust said litigation."

On December 15, 1910, Latimer sued the Railroad Company again before the same justice of the peace for one hundred dollars ($100) damages, and obtained judgment upon a cause of action set forth in a bill of particulars, a copy of which is Exhibit No. 9 to the bill. The Railroad appealed this case, and it is now pending in this Court.

It is gathered from the bill that the settlement made of the first suit was intended as a settlement for all further injury; but we think the language of the receipt given in settlement (which is Exhibit No. 6 to the bill) is inconsistent with that contention and an answer thereto. This receipt is as follows:

November 25th, 1910.

*Guy W. Latimer* v. *B. & O. R. R. Co.,*
        No. 10 Appeal, Oct. Ct. 1910. Circuit Court for
                    Prince George's County.

Received of defendant company fifty dollars ($50) in settlement of above case by compromise.

MARION DUCKETT & SON,
                        Attorneys for Plaintiff.

If fraud in obtaining the second judgment is made the basis of the injunction to restrain further prosecution of the pending appeal case, the facts constituting the fraud should be set out, that the Court may see, if true, that they would constitute a fraud in law. *Miller's Equity Procedure,* Sec. 93 and cases cited; *Story's Equity Procedure,* Sec. 251-252.

The allegations of the bill in the face of the receipts are vague and indefinite, and the exhibit contradicts the bill. It makes no reference to a compromise of future litigation nor of a release from Latimer, nor does it contain any facts that could be held as an estoppel against Latimer. The bill should state the facts with reasonable accuracy and clearness in order that the defendant may be informed of the nature of the case he is called upon to answer. *Lamm* v. *Burrell,* 69 Md. 272.

Those averments of the bill which state in effect that the judgments of the justice of the peace were without merit, unjust, vexatious and oppressive, and that the respective bills of particulars contain variant and discordant elements beyond the capacity, jurisdiction, power and ability of a magistrate to decide, need not be considered here. There is no averment that the justice of the peace did not have jurisdiction to hear and determine the damage suits, nor that the judgments were obtained irregularly, nor that there had been no service of process, or that there was fraud, collusion or surprise, or that the proceeding was in any manner defective.

It seems that all the matters alleged in the bill in criticism of the power of the magistrate to try and render any judgment, are matters which the Railroad Company could have set up as defense to the actions before Sakers.

When a party has a defense at law and neglects to avail himself of it, equity will not interfere. *Ahern* v. *Fink,* 64 Md. 161; *Lyday* v. *Douple,* 17 Md. 188.

The letter of Mr. Stanley to Mr. Duckett of December 19, 1910, on the subject of the second suit, which letter is Exhibit No. 7 to the bill, not only shows that the Railroad Company had notice of the second suit, but contains the information that it did "not propose to be bothered with such litigation before justices of the peace."

"A party in Court is bound to be present in Court in person or by attorney to take care of his rights and attend to

their due prosecution, and cannot make the omission to perform the duty of itself a foundation for an injunction." *Gott* v. *Carr,* 6 G. & J. 309.

This Court, sitting in Equity, cannot review cases heard at law by justices of the peace within their jurisdistion for any of the reasons set out here. It is said in *Miller* v. *Duvall,* 26 Md. 52, that a defense may not be set up in equity which has been fully and fairly tried at law, although it may be the opinion of the Court that the defense ought to have been sustained at law; and even in cases where the Court of Equity has concurrent jurisdiction with Courts of Law, as in matters of account, it seems that equity will not relieve on the mere ground of the difficulty of the defense in a Court of Law, but it must be a case where it is impossible for the party to make an effectual defense before that jurisdiction.

It is further alleged that Latimer's suits against the railroad amount to multiplicity of suits and of splitting up causes of action. Two suits have been brought, in both of which Latimer recovered at law. One has been paid by the Railroad, and the other is pending on the Appeal Docket of this Court. Several elements of damage are set out in the bill of particulars, but it is not shown which of these the magistrate had in mind as entitling Latimer to recover when he rendered the judgments in his favor. The second bill of particulars seems to be for damages he claims to have suffered since the trial of the first case. But even if the second suit were for the identical cause of action covered by the first cause, this could be shown in the trial of the appeal case. It is decided in *McHenry* v. *Hazard,* 45 Barb. N. Y. 657, that two suits have never been held sufficient to constitute a municipality of suits. See also *Pressman* v. *Beach,* 61 Md. 203.

Reduced to its final analysis the bill seems to invoke the power of a Court of Equity to restrain a suit or suits at law purely and simply, without setting up any of the usual grounds for the exercise of such power and without averring facts sufficient to show in what way the remedy at law is not full and adequate. The general allegation that the Railroad was operated through Hyattsville before Latimer acquired title to his abutting property; that it has been guilty of no nuisance so far at Latimer is concerned; that it has a chartered right to run

its trains as it is doing; that it is using the best of cars, etc.; handled by the most skilled labor, etc.; seem to be alleged simply to show that a magistrate has not the capacity to sit in judgment on such questions when they are brought before him in trials within his jurisdiction. The prayer for the writ of injunction, as before stated, is that Latimer be enjoined from suing the Railroad before Sakers or any other justice of the peace of Prince George's county. This Court cannot draw the distinction between the jurisdiction of the Circuit Court for Prince George's County at law and the jurisdiction given justices of the peace by the Statute Laws of Maryland, except as they are drawn by the Statutes themselves.

For the reasons stated the demurrer should be sustained and the bill be dismissed.

The cause was submitted to BOYD, C. J., BRISCOE, PEARCE, BURKE, THOMAS and STOCKBRIDGE, JJ.

*James A. C. Bond* and *Francis Neal Parke* filed a brief for the appellant.

*Marion Duckett & Son* filed a brief for the appellee.

STOCKBRIDGE, J., delivered opinion of the Court.

This is an appeal from the Circuit Court of Prince George's County, in equity, sustaining a demurrer to, and dismissing a bill filed by, the Baltimore and Ohio Railroad against Guy W. Latimer.

The opinion filed by JUDGE BEALL in the lower Court is so full and clear, that it might well be adopted by this Court as its own, and the reporter of this Court is asked to incorporate it in the report of this case, as covering fully every point of law directly involved.

The very elaborate brief filed on behalf of the appellant constrains us to add a few words, however. The main contention of the railroad company is that when on November 25th, 1910, it paid fifty dollars to Dr. Latimer such payment was not merely a settlement of the judgment already ob-

tained, but of *all* possible future litigation which might originate from similar acts to those complained of and to recover
for which the suit of 1908 had been brought. Neither the
bill itself nor the exhibits filed with the bill give any sufficient basis to sustain this argument. The receipt of Dr.
Latimer's attorneys expressly says, that the fifty dollars
which was paid in 1910 was "in settlement of the above
case," (the suit instituted in 1908). When the second suit
was instituted in 1910, it was in terms limited to injuries
suffered within the twelve months immediately preceding
the commencement of the action. The two suits were therefore for different causes of action.

*Decree affirmed, with costs to the appellee.*