POLLY and wife, Respondents, vs. GUMNEY, Appellant.

*May 2—May 21, 1914.*

*Mortgages: Deed absolute in form: Security for debt.*

1. A conveyance of land by deed absolute on its face, when given as security for a debt, is a mortgage.
2. Findings in this case to the effect that there was no sale of the land, but merely a conveyance of it to secure a debt, are *held* to be supported by the evidence.

APPEAL from a judgment of the circuit court for Portage county: BYRON B. PARK, Circuit Judge.   *Affirmed.*

This action was brought for the purpose of declaring an instrument, on its face a deed, a mortgage, given as security for a debt, and to redeem the mortgaged premises.   The facts involved sufficiently appear from the findings of the court below, which are substantially as follows:

That on and prior to January 1, 1907, the plaintiff *John*

*F. Polly* was the owner and in possession of the land described in the complaint; that on said day the plaintiff borrowed from one Edgar Starks the sum of $2,360 for five years with interest at seven per cent. per annum, secured by a warranty deed of the lands described in the complaint, upon the express condition that the said Edgar Starks would reconvey said premises upon the payment of said sum, together with interest thereon; that said deed and contract were duly witnessed and acknowledged and duly recorded in the office of the register of deeds for Portage county, Wisconsin, on the 5th and 7th days of January, 1907, respectively; that the plaintiffs remained in possession and had the use and benefit of said lands from the time of making the deed to Edgar Starks, and were at the time of the commencement of this action and are still in possession of the premises; that on the 29th day of January, 1910, the plaintiff *John F. Polly* borrowed from the defendant the sum of $2,750, to be repaid with interest at the rate of six per cent. per annum, interest to be payable annually; that said indebtedness was contracted and agreed should be secured by a transfer of the title to the real estate described in the complaint as hereinafter set forth; that originally the agreement was that the principal was to be repaid in three years, but that, to satisfy the repeated demands of the plaintiffs that the defeasance be executed as agreed upon, the defendant agreed that the principal could be repaid at any time; that out of the said sum of $2,750 so received from the defendant the plaintiff caused to be paid to Edgar Starks $2,360 and interest then due and owing; that said Edgar Starks, at the request of the plaintiff and with the consent of the defendant, conveyed by warranty deed the premises described in the complaint to the defendant; that the balance of said $2,750 was used to pay other indebtedness which the plaintiff then had outstanding; that said warranty deed from Edgar Starks to the defendant was authorized by the plaintiff and accepted by the defendant as

security for the repayment of said $2,750 and interest, and said warranty deed was accepted by the defendant as such and for no other purpose; that said warranty deed was duly witnessed, acknowledged, and recorded in the office of the register of deeds for Portage county, Wisconsin, on the 1st day of February, 1910; that to further carry out said agreement the plaintiff did on the 29th day of January, 1910, make, execute, and deliver to said Edgar Starks a quitclaim deed of the said premises, which deed was duly witnessed, acknowledged, and recorded in the office of the register of deeds for Portage county on the 1st day of February, 1910; that on the 29th day of January, 1910, the plaintiffs were in possession of said premises and continued to remain in possession thereof and receive the rents, issues, and profits thereof, and that the defendant has never been in possession of said premises under his said deed, nor has he received any of the rents, issues, or profits thereof except the payment of the interest upon the money so loaned; that on the 11th day of January, 1913, the plaintiff *John F. Polly* tendered the defendant, *Albert Gumney,* in legal tender money of the United States, the sum of $2,750, together with interest thereon at six per cent. to the 29th day of January, 1913, and the amount of taxes that the said defendant had paid on said premises for the year 1911; that on said day and at the same time the plaintiff tendered to the defendant a good and sufficient deed of conveyance of the said lands and premises and requested him, in the presence of two witnesses and a notary public, there to receive his acknowledgment of said deed, requested and demanded that the defendant receive and accept the sum of $2,750, taxes and interest thereon, and to execute and deliver to said plaintiff *John F. Polly* said deed so tendered to him, but the defendant refused to accept said sum so tendered or to execute and deliver to the plaintiff a deed of said premises, but insisted and claimed that he was the owner thereof and that the plaintiff was in possession of said premises as

his tenant; that the plaintiff still has said money on deposit in the Security Bank of Amherst Junction, Wisconsin, to make good his tender so made to the defendant on the 11th day of January, 1913, and the same has been kept ready by the plaintiff to be paid over to the defendant at any time that the defendant would accept the same; that the plaintiff *Tony Polly* is the wife of *John F. Polly,* plaintiff, and has an inchoate dower interest in said lands, and that she joined in said conveyance for the purpose of barring her dower in said lands; that there is due and owing to the defendant by the plaintiff at the time of the commencement of this action for

```
Principal ..........................................$2,750 00
Accrued interest..................................   495 00
For taxes for 1911................................    24 85
For taxes for 1912................................    25 52
                                                    ----------
    Total .........................................$3,295 37
```

That the plaintiff has paid to the defendant $367, leaving a balance due at the time of the commencement of this action of $2,928.37; that the value of said premises was in January, 1910, $5,000..

The court concluded: That the warranty deed from Edgar Starks and wife to *Albert Gumney,* dated January 29, 1913, recorded February 1, 1910, was and is in effect a mortgage; that the plaintiff is entitled to redeem from the said deed herein declared to be a mortgage upon payment to the defendant of the sum of $2,928.37, less the costs and disbursements of this action; that within twenty days after the entry of this judgment herein the defendant, *Albert Gumney,* do make, execute, and deliver to the plaintiff *John F. Polly* a good and sufficient deed of conveyance of said premises described in the complaint; that upon the said defendant so making, executing, and delivering said deed, the plaintiff do forthwith pay to the defendant said sum of $2,928.37, less the costs and disbursements of this action; that if the defendant fail to so make, execute, and deliver said deed, then that the judg-

ment provide that, upon the plaintiff paying said sum of money so found due by him to the defendant into the office of the clerk of this court, the judgment act as a deed of conveyance conveying all the right, title, and interest of the defendant, *Albert Gumney,* in and to said premises to the plaintiff *John F. Polly;* that the plaintiff have and recover of and from the defendant, to be deducted out of the moneys due by the plaintiff to the defendant, his costs and disbursements to be taxed herein.

Judgment was rendered in accordance with the findings of fact and conclusions of law, from which this appeal was taken.

*A. L. Smongeski,* for the appellant.

For the respondents the cause was submitted on the brief of *D. I. Sicklesteel.*

KERWIN, J. There is really but one question on this appeal, namely, whether the findings are supported by the evidence.

It is insisted by appellant that there was a sale of the property and that the deed on its face shows that the transaction was a sale of the land, not a conveyance of it as security for a debt. It is well settled by the decisions of this court that a conveyance of land by deed absolute on its face, when given as security for a debt, is a mortgage. *Smith v. Pfluger,* 126 Wis. 253, 105 N. W. 476. The evidence amply supports the findings to the effect that the transaction was not a sale of the land, but merely a conveyance of it to secure a debt.

All the findings are well supported by the evidence, therefore the judgment must be affirmed.

*By the Court.*—The judgment is affirmed.