# THOMAS J. FINGLES

*vs.*

## LOUISA B. SINGER.

*Equity Jurisdiction—Remedy at Law.*

A bill will not lie in favor of a tenant against his landlord for the purpose of construing the lease and to restrain proceedings at law to eject the tenant as wrongfully holding over, the construction of the lease being clearly within the powers of a court of law.                pp. 536, 537

The mere apprehension by plaintiff of numerous suits is not ground for the interposition in his favor of a court of equity.                p. 537

*Decided December 1st, 1921.*

Appeal from the Circuit Court of Baltimore City (HEUISLER, J.).

Bill by Thomas J. Fingles against Louisa B. Singer. From a decree for defendant, plaintiff appeals. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, and OFFUTT, JJ.

*J Royall Tippett,* with whom was *Emil Budnitz* and *Richard B. Tippett & Son,* for the appellant.

*Myer Rosenbush,* submitting on brief, for the appellee.

STOCKBRIDGE, J., delivered the opinion of the Court.

The bill of complaint in the above entitled cause was demurred to and an amended bill of complaint subsequently filed. A demurrer was also filed to this and the case being heard upon this state of pleadings, the demurrer was sustained and the bill dismissed.

In 1913, Thomas J. Fingles entered into the occupancy of the premises known as No. 1212 North Fremont Avenue in Baltimore City, under a lease for three years, and was given an option to renew that lease at the expiration of the original term. This he did.

Mrs. Singer, the owner, brought an action at the expiration of the renewal term, in accordance with the local summary ejectment provision, for the possession of the property, claiming that, after the first of September, 1919, Fingles' tenancy had become a. tenancy from year to year, while he took the ground that his continuation in the property amounted to a renewal for a still further term of three years. The action was brought under the local laws of Baltimore City in the Peoples' Court, and the judgment rendered in that case was upon appeal to the Baltimore City Court reversed. The next step was a notice, given in accordance with the terms of the lease, for the termination of the tenancy at the end of the year and, he not having vacated, a second suit in ejectment was brought. This, in due course, was heard in the People's Court and again an appeal was taken to the Baltimore City Court. Before that case was reached for hearing in the Baltimore City Court, the present suit was brought in the equity court, which professed to be for the purpose of preventing a multiplicity of suits, and to have the nature of the tenancy under the terms of the lease adjudicated, so as to settle the rights of the parties.

The ground of the demurrer was that there was a full, complete, and adequate remedy at law and, such being the case, there was no room to admit of equity jurisdiction. Actions of this class are entirely of statutory origin, and must be dealt with, therefore, in accordance with the statutes. There is no allegation or suggestion even of any trouble in having the matter fully and completely adjudicated in the City Court. The multiplicity of suits is not shown by any fact, but is a mere apprehension on the part of the plaintiff, which may or may not ever arise, and a mere apprehension of numerous

suits, with no more substantial basis, has never been held sufficient in this State for the interposition of a court of equity. No question of title is involved. A construction of the lease is clearly within the powers of the court of law, and it is therefore impossible to arrive at any conclusion other than that there is a full, complete, and adequate remedy at law, and therefore no jurisdiction is vested in the equity courts which will oust those courts of their control of such a case. *Moyer* v. *Mitchell,* 53 Md. 177; *Roland Park Co.* v. *Hull,* 92 Md. 301; *Maryland Hotel Co.* v. *Engraving Co.,* 92 Md. 723; *Peninsular Const. Co.* v. *Merritt,* 90 Md. 589. The decree appealed from will accordingly be affirmed.

*Decree affirmed, costs to be paid by the appellant.*