OSIPOWICZ, Appellant, vs. FURLAND and another, Respondents.

*April 3—June 24, 1935.*

For the appellant there was a brief by *Bagley, Spohn, Ross & Stevens* of Madison, and oral argument by *Myron Stevens*.

For the respondents there was a brief by *Frank M. Wootton,* attorney for Clarence M. Furland, and by *Hill, Beckwith & Harrington,* attorneys for Minnie Olson, and oral argument by *Mr. Wootton* and *Mr. H. Maxwell Manzer,* all of Madison.

The following opinion was filed April 30, 1935:

FRITZ, J.    The judgments appealed from were in the form of mortgage foreclosure judgments because the court deter-

mined that, notwithstanding a conveyance and land contracts exchanged between the defendants and the plaintiff on September 2, 1930, the relationship between them is that of mortgagors and mortgagee, and the only assignment of error is that the court erred in making that determination. The facts necessarily involved in passing on that assignment of error are as follows: Prior to August 16, 1928, the defendants had purchased a lot (hereinafter called lot 15) from plaintiff and his wife on a land contract for $7,300, and had reduced the balance owing to $3,600. On that date plaintiff and his wife deeded that lot to defendants and loaned $400 to them, and they in turn gave to plaintiff and his wife a mortgage on that lot to secure $4,000, as the unpaid purchase price and that $400 loan. On February 15, 1929, defendants purchased an adjoining lot, numbered 16, for $6,000, which they paid out of a loan from Joseph M. Boyd Company of $10,000, which was secured by a mortgage by defendants on lots 15 and 16. For the balance of that $10,000 loan that company, in exchange for other securities, procured the release of plaintiff's mortgage on lot 15 for $4,000. On February 25, 1929, the Joseph M. Boyd Company assigned that $10,000 mortgage loan to plaintiff for $6,000 and the securities which he had received for the release of his $4,000 mortgage, but that company retained the right to interest on the $10,000 mortgage loan at the rate of one-half per cent per annum, which was to be deducted from the interest payable thereon at the rate of six and one-half per cent per annum. The defendants were to pay an instalment of $600 on that mortgage loan on February 15, 1930, and on each February 15th thereafter until 1934, when the entire balance was to be due; and, in the event of default, all was to become due without notice. On February 15, 1930, they failed to pay the $600 instalment then due, but did pay $300 thereof in March 1930. There-

after, the defendants, having requested a reduction in amount of the instalments to be paid, and the plaintiff, as well as the defendants, desiring to avoid the one-half per cent interest payment to the Boyd Company, entered into an arrangement under which, on September 2, 1930, (1) the defendants deeded lots 15 and 16 to the plaintiff; (2) the plaintiff and his wife gave land contracts to the defendants to reconvey to them lot 15 for $4,700, and lot 16 for $5,000, or a total of $9,700, which was the balance then owing to plaintiff on the $10,000 mortgage on those lots; and (3) the plaintiff executed a satisfaction of that mortgage and delivered it and the note secured thereby to defendants' attorney. Under those land contracts of September 2, 1930, interest was to be paid at the rate of six per cent per annum; the monthly instalments to be paid were $25 on each contract up to September 1, 1935, when the balance thereof was to become due. Defendants paid monthly instalments aggregating $800 on the principal, in addition to the interest on each contract up to June 20, 1933, when they defaulted. Thereupon the plaintiff elected to declare due the unpaid balances of $3,900 on lot 15 and $4,200 on lot 16, with interest from June 20, 1933.

It was also established that the defendants purchased lot 15 from the plaintiff for $7,300, in April 1924; that they paid $6,000 for lot 16, in February 1929; that they had paid $2,050 for improvements on the two lots, and that the total cost thereof to them was $15,350. For taxation they were assessed at $13,800 in 1930. Consequently, on the basis of the cost of $15,350 to defendants, the value would be $5,650 in excess of the $9,700 due to plaintiff on the mortgage indebtedness, on September 2, 1930; and on the basis of the valuation of $13,800 for taxation in 1930, the value would be $4,100 in excess of plaintiff's claim of $9,700. The only other consideration in connection with the transaction on

September 2, 1930, was that it resulted in a saving of interest at the rate of one-half per cent, without any loss to plaintiff; and that the maturity of the final payment was extended from February 15, 1934, to September 1, 1935. Under the circumstances, defendants' $9,700 indebtedness to plaintiff could well be deemed inadequate as the consideration for an absolute and indefeasible conveyance of the lots, which were valued at $13,800 for taxation in 1930, and for which the defendants had paid $15,350 in recent years. Because of that inadequate consideration, there was no compliance with the requirement that, in order to sustain such a conveyance as valid and indefeasible, it must be based on an adequate consideration. That is as essential as the other requirements, which are stated in *Paul v. Smith,* 215 Wis. 613, 255 N. W. 919, and the cases there cited, and which must be established by clear and satisfactory evidence, upon closely scrutinizing the transaction, in order to sustain such a conveyance as a valid deed.

However, aside from the apparent inadequacy of consideration, the court's conclusion that the relation between the defendants and the plaintiff was that of mortgagors and mortgagee, was fully warranted because the indebtedness of $9,700, which the defendants were to pay to plaintiff under the land contracts, was in fact the same indebtedness which they were owing to him, when he, in connection with obtaining a deed from them in lieu of their mortgage on the same lots, to secure that indebtedness, contracted to reconvey those lots to the defendants upon payment to him of that indebtedness. In substance there was no material change, regardless of the change in form, in respect to either the existing indebtedness of the defendants to the plaintiff for the $9,700, and the continued subjection of the lots as security for the payment of that indebtedness, or in respect to the defendants' continuance in possession of the lots, and

their right to have the title thereto vest in them, unincumbered by any lien for that indebtedness, upon payment thereof. Consequently, as was held in respect to similar instruments in *Schierl v. Newburg,* 102 Wis. 552, 557, 78 N. W. 761, defendants' deed to plaintiff, although absolute in form, was manifestly in substance but a conveyance by way of security for the existing mortgage indebtedness of $9,700; and the land contracts, although purporting to be contracts of purchase, were in fact defeasances of the simultaneously executed deed.

"The deed, though absolute in form, was a conveyance by way of security, and therefore necessarily a mortgage. The contract, although purporting to be a contract of purchase, was merely a defeasance of the contemporaneous deed. Plaintiff's rights in the premises are no greater than those of a mortgagee, and as such he must enforce them." *Schierl v. Newburg, supra.*

See also *Schriber v. LeClair,* 66 Wis. 579, 29 N. W. 570, 889; *Smith v. Pfluger,* 126 Wis. 253, 105 N. W. 476; *Young v. Miner,* 141 Wis. 501, 124 N. W. 660; *Polly v. Gumney,* 157 Wis. 362, 147 N. W. 356; *Second Ward Bank v. Upmann,* 12 Wis. *499, *508, and other cases cited in *Paul v. Smith, supra.* Consequently, the court was not in error in entering the usual judgment of foreclosure and sale used in cases of mortgage foreclosures.

*By the Court.*—Judgments affirmed.

· WICKHEM, J., dissents.

A motion for a rehearing was denied, with $25 costs in one case, on June 24, 1935.