Loehr, Respondent, vs. Stenz, Appellant.

*October 8—November 5, 1935.*

For the appellant there were briefs by *Sutherland, Hughes & Sutherland* of Fond du Lac, and oral argument by *A. D. Sutherland*.

For the respondent the cause was submitted on the brief of *T. L. Doyle* of Fond du Lac.

WICKHEM, J.   The complaint alleges that plaintiff, being the owner of a certain lot in the city of Fond du Lac, entered into a contract with the defendant Kristian Peterson, which provided in substance that Peterson should pay $2,650, with interest, taxes, etc., on a certain date, the title to remain in plaintiff until full compliance by defendant Peterson.   The complaint alleges default, and prays for a judgment ordering said Peterson to pay the amount due on or before a day certain, to be named by the court, and in case of default in making such payment, that he be forever barred and foreclosed of his rights, and that all parties holding under him

be likewise barred and foreclosed. The complaint, in other words, is for the strict foreclosure of the land contract. The contract provides:

"It is definitely understood . . . that the same is a land contract and not in any sense an instrument given to secure the payment of money and that in the event of foreclosure, strict foreclosure proceedings are to be followed and none other."

The answer of Stenz in setting up the tax deed brought into materiality sec. 75.12, Stats., which provides that "whenever the records in the office of the register of deeds show that any lot or tract of land is incumbered by an unsatisfied mortgage and show the post-office address of the mortgagee or if the same has been assigned, the post-office address of the assignee, such deed shall not be issued unless a written notice shall have been served upon the owner or upon such occupant and upon such mortgagee." It was the claim of Stenz that at the time he applied for a tax deed there was no mortgage or record showing that the plaintiff in this action had any mortgage interest. It is the position of plaintiff that since in fact plaintiff had loaned money to the Petersons, accepted a deed, and then executed a land contract to the Petersons, her position is that of a mortgagee. *Osipowicz v. Furland,* 218 Wis. 568, 260 N. W. 482. The complaint was amended to state a cause of action for foreclosure of a mortgage. In this state of the record, plaintiff asserts that she is within the provisions of sec. 75.12, and that the tax deed is void for failure to give the notice there prescribed.

The first contention is that the order is not appealable. The order denying the motion was entered March 29, 1935. At that time an order denying a summary judgment was not appealable. Ch. 39, Laws of 1935, went into effect April 25, 1935. It amended sec. 274.33, Stats., by adding to the section defining those orders from which an appeal may be taken, an order which "denies an application for summary

judgment." The appeal was perfected on the 26th day of April, 1935, which was within thirty days from the entry of the order. It is contended that this statute is not expressly made retroactive, and that it should be construed not to be retroactive.

It is unnecessary, however, that ch. 39, Laws of 1935, be construed as retroactive in order to sustain defendant's right to appeal. Defendant is within the express terms of sec. 274.04 and 274.33, having taken an appeal within thirty days from the service of notice of entry of the order. To hold the order nonappealable would require a strained and illiberal construction of a remedial statute, since when the amendment went into effect there was still time within which defendant could satisfy the conditions of the statute. The amendment can, of course, have no extended operation in making prior orders appealable because of the provisions of sec. 274.04, which requires that appeals from orders be taken within thirty days from the time of service of notice of entry. We conclude that the order is appealable.

The next question is whether the trial court erred in denying the order for summary judgment. In order to understand the conflicting contentions, it is necessary to review briefly the rules now applicable to summary judgments.

Sec. 270.635, Stats., enacted by rule of court in 1931, provides in substance for the entry of a summary judgment in an action to recover a debt or liquidated sum arising upon a contract or upon a judgment. By rule of court, effective January 1, 1935, the scope of the summary-judgment rule was broadened [214 Wis. p. v]. Sec. 270.635, as now in force, extends the provisions of the rule, par. (e) of sub. (1), to actions to enforce or foreclose a lien or mortgage, and par. (f) of sub. (1) to actions to enforce specific performance of a written contract, including alternative and incidental relief. The statute provides that judgment may

be entered in favor of either party upon satisfying the statutory conditions, and sub. (3) provides that "upon motion by a defendant, if it shall appear to the court that the plaintiff is entitled to a summary judgment, it may be awarded to him even though he has not moved therefor." Sub. (7) provides that "this section is applicable to counterclaims the same as though they were independent actions; but the court may withhold judgment on a counterclaim until other issues in the action are determined." It is the contention of defendant that since, after plaintiff's amended complaint was filed, this was an action to foreclose a mortgage, the summary-judgment law is applicable to it, and that by the express terms of the act the defendant in such an action may have summary judgment.

These contentions are undoubtedly sound, but they fail to reach or solve the question presented here. Defendant did not move for a summary judgment upon his answer but upon his cross complaint. The motion for summary judgment asks for a judgment, (1) determining the title to the property in question to be in defendant; (2) determining that the other parties to this litigation have no right, title, or interest in the property; (3) that this defendant be entitled to the quiet and peaceful possession of said real estate; and (4) to such other relief as may be equitable and just in these proceedings.

While the statute treats counterclaims as though they were independent actions, there is no specific mention of cross complaints. It is clear to us, however, that the cross complaint must be treated in the same manner as a counterclaim. Considered as an independent action, we find no provision authorizing a summary judgment in the sort of action set forth in the cross complaint. We discover no authority in sec. 270.635 for a summary judgment in an action to quiet title. It may be argued that the facts set forth in the cross

complaint at least constitute defensive matter which may be urged as a bar to plaintiff's action. The first answer to this is that the demand for judgment was much broader than defendant was entitled to upon this theory. He demands judgment quieting his title. This judgment is asked not merely against plaintiff, but against the defendants Peterson and W. J. Nuss Lumber & Supply Company. In this light the cross complaint cannot be considered solely as defensive matter, and is subject to the objection that there is no statutory authority for summary judgment upon a complaint setting forth such a cause of action. The cross complaint also demands such other relief as may be just. If this demand be treated as anything more than a perfunctory addition to the prayer, it calls for relief of a character that can usually be administered only after a full consideration of the facts has disclosed the equities of the parties. It is obvious that such relief cannot be granted in a summary proceeding.

Assuming defendant to have set forth a cause of action to quiet title merely as a necessary incident to the establishment of a defense in this action, the answer would have to be the same. The affirmative relief would have to be obtained in what, for the purposes of the summary-judgment law, must be considered an independent action, whether set up by separate action, by counterclaim, or by cross complaint, and if the summary-judgment law is not applicable to such an action, defendant cannot have summary judgment upon his counterclaim or cross complaint, but must proceed to a conventional trial upon this issue.

This view of the case makes it unnecessary to discuss the merits of this controversy. We are satisfied that the court properly denied the motion for summary judgment.

*By the Court.*—Order affirmed.