GORDON A. COSTER, ET UX. *v.* ARROW BUILDING & LOAN ASS'N, INC. OF BALTIMORE CITY

[No. 4, January Term, 1945.]

Decided January 30, 1945.

344

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, MELVIN, and MARKELL, JJ.

*A. Risley Ensor*, with whom was *Frank Arnold* on the brief, for the appellants.

*Samuel S. Smalkin*, with whom was *H. Beale Rollins* on the brief, for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

Gordon A. Coster and wife allege in their amended bill of complaint: (1) That on July 8, 1929, they conveyed their property on West Garrison Avenue in Baltimore, subject to an annual ground rent of $78, to Arrow Building and Loan Association, after it had started to foreclose its mortgage on the property, and on July 10, 1929, entered into a written contract by which they agreed to repurchase the property for $3,400 as soon as they were able to do so, either with cash or with the benefit of a building association mortgage for two-thirds of the appraised value of the property, and they were given possession of the property for an unspecified period contingent upon their payment of $18 per week, and defendant agreed to apply the payments on ground rent, taxes, insurance, and interest on the purchase price, but in event of default to apply all amounts accumulated to their credit as rent, and defendant also gave notice that it would apply $4 out of each weekly payment on certain

judgments which it held against them; (2) that it was actually understood, however that the provision for payment of $18 per week would not be binding, but they would be required to pay only such sums as they were financially able to pay, and since July 24, 1929, defendant accepted reduced payments, which continued for nearly fifteen years, during which period they paid a total of $5,665.70, and they were led to believe that no larger payments were expected of them, and defendant did not consider them as tenants, and did not file a landlord's registration statement with the Office of Price Administration, but treated them as equitable owners of the property; (3) that in November, 1943, defendant indicated dissatisfaction with the existing arrangement, and on March 8, 1944, sent them a written notice that it declared the contract of sale in default; and (4) that in April, 1944, defendant instituted ejectment proceedings in the People's Court, claiming delinquent rent in the amount of $8,318.30, and if the People's Court should decide against them, they would be unable to furnish an appeal bond to prevent immediate eviction. Complainants pray for an injunction against further prosecution of the ejectment suit, reformation of the contract and an accounting. They are appealing from a decree sustaining defendant's demurrer and dismissing the bill.

It is an established doctrine of equity that a deed, although absolute in form, will be considered as a mortgage when executed as security for repayment of money. Equity looks beneath the external form of the instrument, and when the real transaction is shown to be for security, will allow the debtor to redeem the property upon payment of the debt. But while a mortgagor cannot waive his equity of redemption at the time of the execution of the mortgage, he has the right to make a subsequent conveyance of the equity of redemption to the mortgagee. Chief Justice Marshall said in *Conway's Ex'rs v. Alexander*, 7 Cranch 218, 236, 237, 3 L. Ed. 321, 328: "To deny the power of two individuals, capable of acting for themselves, * * * to make a sale with a reservation

to the vendor of a right to repurchase the same land at a fixed price and at a specified time, would be to transfer to the Court of Chancery, in a considerable degree, the guardianship of adults as well as of infants. Such contracts are certainly not prohibited either by the letter or the policy of the law." The Court will carefully examine a mortgagor's conveyance of his equity of redemption, but will not set aside an absolute sale except for manifest unfairness or inadequacy of consideration. *Dougherty v. McColgan,* 6 Gill & J. 275, 282; *Hinkley v. Wheelwright,* 29 Md. 341, 349; *Alexander v. Rodriquez,* 12 Wall. 323, 20 L. Ed. 406; *Peugh v. Davis,* 96 U. S. 332, 24 L. Ed. 775; *In re Eisele,* 7 Cir., 82 F. 2d 309; *Gould v. McKillip,* 55 Wyo. 251, 99 P. 2d 67, 129 A. L. R. 1427.

The test for determining whether a mortgagor's deed of his equity of redemption and a contemporaneous agreement to repurchase the property actually constitute a sale is whether the debt was extinguished. If the grantor continued to be bound to pay the debt, the court will treat the conveyance as a mortgage, regardless of the form of the conveyance. If, on the contrary, the conveyance extinguished the debt, the transaction will be held to be a sale and contract of repurchase, for if there is no obligation of the grantor which the grantee can enforce, the conditions are inconsistent with the idea of a mortgage security. The question whether a mortgagor's deed of his equity of redemption is actually a security for the payment of the debt is finally determined in every case by the intention of the parties. *Hicks v. Hicks,* 5 G. & J. 75; *Baugher v. Merryman,* 32 Md. 185; *Jeffreys v. Charlton,* 72 N. J. Eq. 340, 65 A. 711; *Holmberg v. Hardee,* 90 Fla. 787, 108 So. 211; *Swinson v. Sodaman,* 300 Ill. App. 31, 20 N. E. 2d 623; *Parks v. Mulledy,* 49 Idaho 546, 290 P. 205, 79 A. L. R. 934. In the instant case complainants agreed to repurchase the property only when they "were able to do so." This agreement is inconsistent with the idea that they were still obligated to pay the mortgage debt. We accordingly hold that the alleged deed and contract do not constitute a mortgage.

Complainants relied on *Ferris v. Wilcox,* 51 Mich. 105, 16 N. W. 252, and *Osipowicz v. Furland,* 218 Wis. 568, 260 N. W. 482, where the mortgagor's absolute deed and agreement to repurchase were executed simultaneously, and it was nevertheless held that the relation of debtor and creditor continued even though the mortgage was released; but it was shown in those cases that the property was worth considerably more than the amount of the mortgage indebtedness. The law presumes that an instrument, absolute on its face, is what it purports to be. *Bailey v. Poe,* 142 Md. 57, 120 A. 242. It is possible, as Judge Alvey observed in *Baugher v. Merryman,* 32 Md. 185, 194, that the determination of the question whether a mortgagor's conveyance is in equity a mortgage may be a "matter of construction only, depending on the intention of the parties, as deduced from certain instruments and correspondence, unmixed with any conduct of undue advantage or interposition in obtaining the conveyance." However, in a suit to declare an absolute deed to be a mortgage, an allegation in the bill of complaint that the value of the property was much greater than the amount of the debt is sufficient to require the defendant to answer, for such a question can be determined only by proof. *Obrecht v. Friese,* 148 Md. 484, 129 A. 657. In this case the bill does not allege either that defendant took unfair advantage of complainants, or that the consideration for the transaction was inadequate.

However, we do not mean to say that in case of a contract of sale the purchaser may not have some equity even if he fails to carry out the contract according to its terms. But in the case before us, there is no allegation or claim that the property is worth more than the unpaid purchase price, and complainants therefore have not shown that they have any equity in the property. We recognize that if a vendor in a contract for the sale of land reserves the right to forfeit the contract in the event of default in payments, but subsequently waives forfeiture for nonpayment at the stipulated time, he cannot suddenly change his mind and insist upon a forfeiture

without giving to the vendee a reasonable notice of his intention to that effect. But here it is admitted that defendant notified complainants in November, 1943, that it was dissatisfied with the existing arrangement, and did not institute ejectment proceedings until April, 1944, and there is no allegation that complainants are ready and willing to pay the stipulated payments or the balance due on the purchase price. Where a purchaser seeks specific performance of a contract for the sale of real estate, notwithstanding long delay in making payments, the delay must not have been wilful and must not have worked any harm to the vendor. *Soehnlein v. Pumphrey,* 183 Md. 334, 37 A. 2d 843. When defendant notified complainants that the contract was in default, it cancelled the contract, and since complainants have not shown that they have the right to repurchase or remain in possession, they are not entitled to injunctive relief. Equity will not enjoin litigants from proceeding at law upon the mere assertion of some legal right, when the claim is not well founded. A bill for injunction is demurrable unless it alleges not only the ground of relief but also some equity which justifies injunctive relief. *Worthington v. Lee,* 61 Md. 530, 536. In an ejectment proceeding brought by a landlord before a magistrate, the tenant is entitled to avail himself of any equitable claim he may possess under his contract by way of defense. *Gelston v. Sigmund,* 27 Md. 334, 344. Where the magistrate has jurisdiction, and is proceeding regularly, and there is no fraud, collusion, or surprise, the equity court will not enjoin the plaintiff from proceeding further with the suit. *Baltimore & Ohio R. Co. v. Latimer,* 118 Md. 183, 84 A. 377. Since the construction of a lease is clearly within the power of a court of law, a tenant cannot invoke the aid of equity to construe his lease and to restrain a proceeding brought by his landlord to eject him for wrongfully holding over. *Fingles v. Singer,* 139 Md. 535, 115 A. 795.

Complainants argue that, even if the deed and contract are held not to be a mortgage, yet they are not in default,

because it was understod that the provision in the contract for the payment of $18 per week was not binding. It is a familiar rule that parol evidence is inadmissible to vary or contradict the terms of a written instrument. The reason for this rule is that when contracting parties have discussed and agreed upon their obligations to each other and have reduced them to writing, the instrument is more reliable as evidence than the uncertain memory of man. A different rule would increase temptations to commit perjury and often render instruments of little value. All prior and contemporaneous negotiations are merged in the written instrument, which is treated as the exclusive medium for ascertaining the extent of the obligations of the parties. Hence, in the absence of fraud, duress, or mistake, parol evidence of conversations before or at the time of the execution of the contract cannot be admitted. When the contract is required to be in writing, the parol evidence rule should be rigidly enforced. A contract within the Statute of Frauds cannot be partly in writing and partly in parol, for otherwise the way would be left open for the very mischiefs which the Statute was intended to prevent. This court definitely holds that a written contract of sale is conclusive as to the time, mode, and terms of payment, and such provisions cannot be varied or contradicted by parol. *Markoff v. Kreiner*, 180 Md. 150, 23 A. 2d 19. The bill in this case does not state such a case as warrants reformation of the contract.

The final question is whether complainants are entitled to an accounting. The general rule in this State is that, in matters of account growing out of privity of contract, courts of equity have jurisdiction in cases (1) where there are mutual accounts, and (2) where accounts are only on one side, but there are difficulties in the way of adequate remedy at law and a discovery is sought to do substantial justice between the parties. Equity will not intervene where the accounts are all on one side and no discovery is sought or required, or where there is but a

single matter on one side and mere set-offs on the other side and no discovery is sought or required. The contention that a claim, asserted in defense to an action at law, can be pursued more effectively in a court of equity because the accounts are complicated, is not a ground for an injunction against further prosecution of the action at law, or for intervention of equity for the purpose of investigating the accounts. *Union Passenger Ry. Co. v. City of Baltimore,* 71 Md. 238, 17 A. 933; *Johnson & Higgins, Inc. v. Simpson,* 165 Md. 83, 166 A. 617. Here complainants allege that they have paid defendant a total of $5,665.70. There is no suggestion that discovery is required. No difficulties appear in the way of an adequate remedy at law. We conclude that the bill fails to state a case requiring an accounting in equity.

*Decree affirmed, with costs.*