Kunert vs. Strong.

KUNERT, Respondent, vs. STRONG, Appellant.

*April 7 — April 25, 1899.*

*Mortgages: Mortgagor and mortgagee: Deed absolute on its face: Option contract: Trial.*

In an action to declare a deed absolute on its face a mortgage and to redeem therefrom, it was admitted by the pleadings that prior to a certain date the parties to the action sustained the relation of mortgagor and mortgagee. The answer alleged that on that date the debt was more than the value of the lands, and the parties then agreed that the lands should be conveyed to the defendant, the debt satisfied and discharged, and plaintiff have an agreement or option to repurchase within one year on payment of the debt, and that the necessary papers were thereupon executed and delivered to carry such agreement into effect. *Held,* that under these allega-

Kunert vs. Strong.

tions it could not be said as a matter of law that the relation of mortgagor and mortgagee continued to exist, and that the case was one which, upon the pleadings, called for evidence and a trial of the question whether the intent of the parties was to continue the mortgage relation or simply to give the plaintiff an option to repurchase within the year.

APPEAL from a judgment of the circuit court for Douglas county: A. J. VINJE, Circuit Judge. *Reversed.*

This action was brought by the plaintiff to adjudge a deed absolute in form of certain lands to be a mortgage, and to redeem said lands from the lien of the alleged mortgage. The complaint alleged that the real estate in question was sold and conveyed by Moses M. Strong, deceased, the defendant's testator, on the 10th day of April, 1890, for the sum of $1,600, of which sum $600 was paid in cash on the date of the deed, to wit, April 10, 1890, and for the remaining $1,000 notes were given, payable one and two years, respectively, secured by a mortgage upon the lands; that the first note of $500 was paid when due, but that the second was not paid, and that on the 10th day of August, 1896, a foreclosure of the mortgage being threatened, he executed and delivered to the defendant a warranty deed of the lands, and the defendant at the same time executed and delivered to him a written agreement for the reconveyance of the said lands on payment of the principal and interest then due, and all unpaid taxes on the premises, within one year; and that said deed and agreement were intended to be, and in fact constituted, merely a continuation of said original mortgage; that no consideration was paid by the defendant for said deed, and that the plaintiff's note and mortgage are still retained by the defendant and have never been discharged, and that the value of said lands is about the sum of $2,000, and the amount remaining unpaid on the mortgage, including the taxes, does not exceed $900; that the plaintiff is willing and desirous of redeeming said lands from said mortgage,

Kunert vs. Strong.

and paying the sums due, but that the defendant refuses to accept said moneys, and threatens to sell and convey the premises, claiming that she has absolute right so to do.

The answer admits the original sale of the premises, and the giving of the notes and mortgage thereon by the plaintiff, and the default in the payment of the last note, and alleges that on August 10, 1896, it was agreed between the parties that the plaintiff should execute a warranty deed to the defendant of the mortgaged lands, and the defendant should execute a contract back for reconveyance of said premises, upon condition that the amount of principal, interest, and taxes then due be paid by the plaintiff on or before August 10, 1897; that such deed was executed and delivered, and the contract or option for reconveyance of the lands was also executed and delivered, on or about August 10, 1896, which contract provided that on payment of $861.79 on or prior to August 10, 1897, the defendant would convey the lands in question to the plaintiff, but that said agreement contained no undertaking on the part of the plaintiff to pay such sum, but provided that, if it were not paid within the time limited, the agreement should be void; that the value of the said lands at the time of said agreement did not exceed $500 or $600, and that it was understood and agreed that the note and mortgage, and all indebtedness secured thereby, were paid and discharged by said conveyance, and that the only right the plaintiff would thereafter have in said premises would be the right to the reconveyance thereof if he paid $861.79 on or before August 10, 1897; that the plaintiff did not demand the conveyance of said premises, nor offer to pay the said sum, on or before said last-named date, but failed and neglected to do anything to carry out said agreement, and that she has been ready at all times to surrender up the note and mortgage, and satisfy and discharge the same of record.

The plaintiff moved for judgment upon the pleadings ac-

Kunert vs. Strong.

cording to the prayer in his complaint, which was granted, and the defendant appeals.

For the appellant there was a brief by *H. W. Dietrich*, attorney, and *Reed & Reed*, of counsel, and oral argument by *Myron Reed*.

For the respondent there was a brief by *Catlin, Butler & Lyons*, and oral argument by *Thos. E. Lyons*.

WINSLOW, J.　In this case the court adjudged, upon the allegations of the complaint and answer, that the relations of the parties were those of mortgagor and mortgagee; hence the question is whether that conclusion necessarily follows from the admissions and allegations of the answer. That such relation existed prior to August 10, 1896, is admitted; but it is alleged in the answer that the plaintiff then owed, in principal and interest and unpaid taxes, $861.79, and that the mortgaged land was not worth to exceed $500 or $600, and that the parties then agreed that the land should be conveyed to the defendant, that the debt should be thereby satisfied and discharged, and that the plaintiff should have an agreement or option to repurchase the land within one year by payment of the said sum of $861.79, and that the necessary papers were made and delivered to carry this agreement into effect.

Upon these allegations it cannot be said as matter of law that the relation of mortgagor and mortgagee continued to exist.

It is true that a deed absolute in form may be shown to have been executed as a mere security for a debt, and will then be construed as a mortgage; and it is also true that, where the relation of mortgagor and mortgagee is shown to have once existed, the courts will scrutinize closely any transaction between the parties by which the absolute title has been transferred to the mortgagee, and the equity of redemption extinguished, to see that advantage has not been

taken of the necessities of the debtor, and that the transaction was based upon a sufficient consideration. But this does not mean that the parties may not, by fair agreement, thus extinguish the mortgage, and substitute therefor a simple option to purchase. The intention of the parties is the real criterion as to the true nature of the transaction. If no unconscionable advantage is taken, and the debt is released in consideration of the conveyance of the property, the fact that there is a contract to reconvey upon certain conditions, there being no obligation on the part of the former mortgagor to perform the conditions, does not constitute the transaction a mortgage. 1 Pingree, Mortgages, §§ 92, 96. In such case, the question whether the mortgage relation still continues will be determined from a consideration of all the evidence in the case which throws light on the intention of the parties, and the fact that the debt is extinguished upon a fair and adequate consideration will be a very strong, though not always a conclusive, circumstance against the theory of a still existing mortgage. 1 Pingree, Mortgages, § 96; *Smith v. Crosby*, 47 Wis. 160; *Rockwell v. Humphrey*, 57 Wis. 410, and cases cited in opinion; *Horn v. Keteltas*, 46 N. Y. 605.

The case is one which, upon the pleadings, calls for a trial of the question whether the intent of the parties was to continue the mortgage relation or simply to give the plaintiff an opinion to repurchase within a year.

*By the Court.*— Judgment reversed, and action remanded for a trial of the issues involved.