PAUL and wife, Appellants, vs. SMITH, Respondent.

*June 4—June 26, 1934.*

For the appellants the cause was submitted on the brief of *Lehner & Lehner* of Princeton.

For the respondent there was a brief by *Allan L. Edgarton* and *T. L. Doyle,* both of Fond du Lac, and oral argument by *Mr. Edgarton.*

FRITZ, J.   The question of the validity of a deed of the mortgaged premises, which was given by a mortgagor to the mortgagee in settlement and in discharge of the mortgage indebtedness, has been considered by this court in a number of cases. *Smith v. Crosby,* 47 Wis. 160, 2 N. W. 104; *Rockwell v. Humphrey,* 57 Wis. 410, 15 N. W. 394; *Kunert v. Strong,* 103 Wis. 70, 79 N. W. 32; *Lynch v. Ryan,* 132 Wis. 271, 111 N. W. 707, 112 N. W. 427; *Young v. Miner,* 141 Wis. 501, 124 N. W. 660; *Coates v. Marsden,* 142 Wis. 106, 124 N. W. 1057; *Gutschenritter v. Hosterman,* 201 Wis. 558, 230 N. W. 610.   It was settled in those cases that, in order to sustain such a conveyance as valid, it must be established by clear and satisfactory proof, upon closely scrutinizing the transaction, that the conveyance was voluntary on the part of the mortgagor; based on an adequate consideration; untainted by fraud; made without advantage being taken of the debtor's necessity to drive a hard bargain; and that there was a discharge of the mortgage indebtedness or at least a binding agreement to consider that indebtedness paid and discharged.   As was said in *Lynch v. Ryan, supra:*

"Such transactions will be closely scrutinized, and if the proof be clear and satisfactory that the requirements above named have been observed the transaction will be sustained, otherwise not.   In doubtful cases the courts incline to hold that the mortgage relation still exists."

The record discloses that those propositions were fully recognized and appreciated by the learned circuit judge, as well as by counsel for all parties in this case.   With those rules manifestly well in mind the court found that on October 17, 1931, plaintiffs, who were then mortgagors, conveyed by warranty deed all of their equity of redemption and interest in the farm in question to the defendant, William Smith, who was the holder of the mortgage which had been given on the farm by plaintiffs to secure their note, upon which the sum of $15,650 was then due for principal and interest; that

the value of that farm was between $14,000 and $15,000 in 1931, and between $12,000 and $14,000 in 1932 and 1933; that plaintiffs willingly and voluntarily executed and delivered the deed to the defendant; that at that time the defendant paid to plaintiffs $500 in cash, and, pursuant to an agreement between plaintiffs and the defendant, the plaintiffs' note and obligation for $15,650 were completely canceled, discharged, and satisfied in full; that because the note was in a safety-deposit box in a bank, from which it could not be obtained at the time, it was agreed between plaintiffs and the defendant that Roy E. Reed should formally mark the note canceled; that accordingly and within the three days following such cancellation, Roy E. Reed formally entered such cancellation upon the note as of the date of the deed, October 17, 1931; that, in addition to the foregoing consideration, it was also then agreed between the parties that the plaintiffs were to have possession of the farm until October 1, 1932, which was approximately one year; that there was adequate consideration for plaintiffs' delivery of the deed to the defendant; that no advantage was taken of the plaintiffs, or of their condition or their necessities in order to drive a hard bargain, nor were they overreached, and that the entire transactions and negotiations were untainted by fraud; that after the defendant notified plaintiffs on the 31st of August, 1932, that he would expect possession of the farm on October 1, 1932, pursuant to the terms of the deed, the plaintiff, John Paul, employed Philip Lehner as his attorney and they and the defendant and Roy E. Reed, as his attorney, prepared a written lease, which the parties executed on September 16, 1932, and under which the defendant leased the farm to John Paul, who continued in possession thereof under that lease for the term of one year from October 1, 1932.

Those findings are well supported in all respects by competent evidence. There are conflicts in the testimony, but it was for the trial court to determine the resulting issues. At

all events, as the findings are not based upon incompetent or irrelevant evidence, and are not contrary to the great weight and clear preponderance of the evidence, they cannot be set aside or disregarded on appeal. *Estate of Powell,* 206 Wis. 513, 240 N..W. 122; *Interior Woodwork Co. v. Buhler,* 207 Wis. 1, 6, 238 N. W. 822; *Gottschalk v. Ziegler,* 208 Wis. 55, 241 N. W. 715. As the facts found fully meet all of the requirements of a valid deed from mortgagor to mortgagee in discharge of the mortgage indebtedness, the defendant was entitled to the judgment, which was entered dismissing the complaint.

*By the Court.*—Judgment affirmed.