## BRUNO BEAUPRE

### *vs.*

## JOHN W. HOERR.

*Ch.* 73, *p.* 112, *Laws* 1868, allowing an appeal " from a judgment heretofore or hereafter rendered, within one year after the entry thereof," is retrospective in its terms, but it cannot be permitted to apply to a final judgment rendered more than six months before its passage.

Beaupre v. Hoerr.

A motion is made in this case to dismiss the appeal, which was attempted to be taken by the plaintiff from a judgment rendered against him in the District Court for Blue Earth county. The judgment was entered July 30, 1867, and the plaintiff attempted to appeal therefrom March 6, 1868.

Buck & Freeman for the motion.

Allis & Williams against the motion.

*By the Court*—Berry, J.—Judgment in this action was entered in favor of the defendant in the District Court for Blue Earth county, July 30th, 1867, and an appeal to this Court was attempted to be taken March 6th, 1868.

By *section 6, page 576, Gen. St.,* the appeal from a judgment must be taken within six months after entry thereof. In this case, more than six months having elapsed between the entry of the judgment and the taking of the appeal, the appeal was too late, unless it was saved by *sec. 1, ch. 73, p. 112, Laws* 1868. This chapter was approved March 6th, 1868, and its first section provides that "the appeal from a judgment heretofore or hereafter rendered may be taken within one year after the entry thereof." This law is retrospective in its *terms,* and we think that its language would reach this appeal. But we are of opinion that its application to this case would infringe the Constitution. Here was a final judgment in which the right of the defendant had become fixed, so that it was not subject under existing laws to be divested, cut down, or modified in any way by any appellate Court. If after this state of facts has supervened, a law is passed permitting an appeal from such judgment, and an appeal is taken accordingly, it must be presumed to be taken for the purpose of reversing or modifying the judgment. The judgment in the case at bar was the *property* of the defendant, and,

as the absolute owner of it, his right thereto and therein was a vested right, and " of the highest nature, being established by the sentence of a court of jurisdiction;" a sentence in this case not subject to be set aside under the laws in force at the time when his right became consummated and perfect. Now can the legislature pass a valid act by which after the time for appeal has expired under existing law, he may be divested of his right either by permitting the debtor to appeal, and thereby changing a judgment absolute to a judgment *nisi*, or by authorizing an appellate court to disregard his fixed and vested right in his judgment, and re-examine the case just as if his right had never become fixed and vested? If the legislature can do this by a law passed six days after the lapse of the time allowed for appeal, can any reason be given why it may not be done six years, or six hundred years after the lapse of such time?

*Section* 2, *Article* 1 of our Constitution, provides that " no member of this State shall be  *  *  deprived of any of the rights or privileges secured to any citizen thereof, unless by the law of the land, or the judgment of his peers." *Sec.* 7 of the same article declares that " no person  *  *  *  shall  *  *  *  be deprived of life, liberty or property, without due process of law." In *Baker vs. Kelly*, 11 *Minn.*, 496–9, we held that by " due process of law," is meant (as laid down by Chancellor Kent) law in its regular course of administration through the courts of justice," and not merely an act of the legislature. See also *Taylor vs. Porter*, 4 *Hill*, 146 ; *Wynchamer vs. The People*, 13 *N. Y.*, 392-3. In the latter case Comstock, J., says : " The true interpretation of these constitutional phrases is, that when rights are acquired by the citizen under the existing laws, there is no power in any branch of the government to take them away.  *  *  *  Where rights of property are admitted to exist, the legisla-

ture can not say they shall exist no longer; nor will it make any difference although a process and a tribunal are appointed to execute the sentence." And again after a review of adjudged cases he says: "It is plain, therefore, both upon principle, and authority, that these constitutional safeguards in all cases require a judicial investigation not to be governed by a law specially enacted to take away and destroy existing rights, but confined to the question whether under the pre-existing rule of conduct the right in controversy has been lawfully acquired, and is lawfully possessed." See also *Norman vs. Heist, 5 Watts & Sergeant,* 193, *per Gibson, C. J.; Dash vs. Van Kluck, 7 Johns,* 499, *Op. Kent, C. J.; Butler vs. Palmer,* 1 *Hill,* 366; *Ely vs. Holton,* 15 *N. Y.,* 598. It is not by "law in its regular course of administration through the courts of justice," nor by "a judicial investigation * * * * to be confined to the question whether under the pre-existing rule of conduct the right in controversy has been lawfully acquired and is lawfully possessed," that it is sought to re-examine the defendant's judgment in this case. It is by the mere act of legislation, attempting to give the right of appeal, that his absolute judgment is to be rendered conditional. It is by a mere act of legislation, that the power is attempted to be conferred upon the appellate Court to determine the appeal, not by the pre-existing rules of law which controlled and fixed the rights of the defendant, but by a law specially enacted to take away and destroy existing rights by empowering the Court to do what could not be done before, to reverse, in whole or in part, the defendant's judgment, and thereby deprive him, to a greater or less extent, of his property. See *Lewis vs. Webb,* 3 *Greenl. R.,* 326. It is no answer to this reasoning, to say that this is a remedial statute, for as Chancellor Kent says, "A retrospective statute affecting and changing vested rights is very generally consid-

ered in this country as founded on unconstitutional princi-
ples, and consequently imperative and void. But this doc-
trine is not understood to apply to remedial statutes which
may be of a retrospective nature, provided they do not im-
pair contracts, or disturb absolute vested rights." 1 *Com.*,
455. We are not without direct authority upon the question
under examination. The power of the legislature to
grant an appeal, or review, or writ of error, where the same
are not given by existing law, or the right to them has been
lost by lapse of time, has been expressly denied in *Lewis vs.
Webb*, 3 *Greenl.*, 324; 4 *Greenl.*, 140; *Bates vs. Kimball*, 2
*Chip.*, 77; *Stamford vs. Barry*, 1 *Aik.* (*Vt.*). 314; *Hill vs.
Town of Sunderland*, 3 *Vt.*, 507; *McCabe vs. Emerson*, 6
*Har.* (*Pa.*), *III.*; *Atkinson vs Dunlap*, 50 *Maine III.*; *Davis
et al. vs. Pres't Menasha Village*, 21 *Wis.*, 492.

The appeal is dismissed.