## Town of Lancaster vs. Barr.

CONSTITUTIONAL LAW.   *Subsequent statute authorizing appeal.*
JUSTICE'S COURT.   *Appeal from judgment in proceeding under ch. 18, R. S.*

1. Where an appeal from a judgment was not allowed by law at the time of its rendition, it could not be authorized by a subsequent statute; and this applies to a judgment in a justice's court.

2. Prior to the passage of ch. 141, Laws of 1869, the *plaintiff*, in a proceeding before a justice of the peace to enforce a tax, under secs. 81–87, ch. 18, R. S. (as amended by ch. 198, Laws of 1860), had no right of appeal from the judgment of the justice.

APPEAL from the Circuit Court for *Grant* County.

Action commenced in a justice's court February 17, 1869, under secs. 81–87, ch. 18, R. S., as amended by ch. 198, Laws of 1860, to collect a tax levied on personal property assessed against defendant.   Judgment was rendered in favor of the defendant on the first of March following.   Chapter 141, Laws of 1869, which took effect on the 16th of March, amends sec. 84, ch. 18, R. S., by adding a *proviso*, that in proceedings of this character "the plaintiff may also appeal to the circuit court in the manner that plaintiffs are now authorized to appeal from justice's judgments; but this proviso shall not apply to any decision or order made more than one year before the passage of this act, nor to any case heretofore disposed of before a justice of the peace, unless such appeal is taken within thirty days after this act shall take effect."   On the 7th of April following, the plaintiff appealed to the circuit court; but that court dismissed the appeal, holding that it had no jurisdiction.   From this judgment the plaintiff appealed.

*Bushnell & Clark*, for appellant:

1. Was not the justice's judgment a "final judgment" within the meaning of sec. 204, ch. 120, R. S., and was it not appealable under that section?   *Burnham*

*v. Turner*, 14 Wis. 622 ; *State v. Ives*, 15 id. 445. If it was not a final judgment, then the tax against the defendant remained a valid claim against him, in favor of the town, notwithstanding that decision, and the law of 1869 did not disturb any vested right, but only furnished a new remedy to enforce such a right. 2. The decision of the justice could at least have been reviewed on *certiorari* before the passage of the act of 1869. The plaintiff, therefore, had not "exhausted all its legal remedies by appeal or otherwise" (*Davis v. Menasha*, 21 Wis. 494), and defendant had not acquired any vested right by the judgment. In giving the law a retrospective effect, the legislature only exercised their constitutional jurisdiction over remedies. *Hasbrouck v. Milwaukee*, 13 Wis. 50 ; *Selsby v. Redlon*, 19 id. 21 ; *Davis v. Menasha*, 21 id. 495.

*Paine & Carter*, for respondent :

1. The proceeding did not arise under ch. 120, R. S., and is not controlled in any way by it ; but is a special proceeding, authorized and regulated throughout by secs. 81 *et seq.*, of ch. 18, R. S., and the amendatory act of 1860 ; and these gave the plaintiff no right of appeal. No right of appeal could be conferred by a statute subsequent to the judgment. *Davis v. Menasha*, 21 Wis. 491 ; *Calkins v. The State*, id. 501. 2. The fact that the proceedings of the justice might have been reviewed on a writ of *certiorari* does not affect the application of the decisions cited. The office of that writ in this state is now merely to correct errors in regard to *jurisdictional* questions. *Stokes v. Knarr*, 11 Wis. 389 ; *Tallmadge v. Potter*, 12 id. 317 ; *Morris v. Ferguson*, 14 id. 266 ; *Crandall v. Bacon*, 20 id. 639 ; *Taylor v. Wilkinson*, 22 id. 40. The *merits* of the judgment were, therefore, no longer open to review ; but as to these, it was final and conclusive between the parties.

DIXON, C. J.   It is useless to attempt to discriminate between this case and that of *Davis v. Menasha*, 21 Wis. 491, for there is no sound basis of distinction.   The only difference between the two cases is, that the judgments proposed to be opened, and new trial granted, by subsequent act of the legislature, were rendered by different judicial tribunals; and that as to one a right of appeal had been given which had expired, while from the other judgment no appeal whatever was allowed.   The policy of the law or constitutional principle involved very clearly is, that rights of property once vested, or liability or want of liability once established, by judicial decision then final between the parties, shall not afterward be disturbed, or the controversy opened, by mere legislative enactment.   This policy or principle is as applicable to a judgment of a justice of the peace having full jurisdiction of the parties and of the subject-matter in dispute, as to a judgment of the circuit or any other court having like jurisdiction; for, if the legislature can provide for an appeal, and grant a new trial, sixteen days after the judgment of the justice has become final and conclusive, then it can do so sixteen years afterward, and there would be no end of litigation of that character.   The appeal in this case from the judgment of the justice was properly dismissed by the circuit court for want of jurisdiction; and the judgment of dismissal must be affirmed.

*By the Court.* — Judgment affirmed.