Shauck, J.
.Numerous motions have been- presented for the dismissal of causes pending here on error because our jurisdiction to determine them is supposed to have been taken away by the act of May 12, 1902, to amend Section 6710, Revised Statutes, by which appellate jurisdiction is conferred on this Court, and not restored by the act of October 22,1902, •amending the same section. The two motions in-< dicated in the title have been selected for report be *146 cause they are believed to present all the questions upon the general subject which counsel have discussed.
In cause No. 8055, the plaintiff in error prays for the reversal of a judgment which the circuit court rendered against him before the passage of the act of May 12th, though the petition in error was not filed here until after its passage, but within four months after the rendition of the judgment.
In cause No. 8137, the plaintiff in error prays for the reversal of a judgment rendered by the circuit court after the passage of that act, it being an affirmance of a judgment of a court of common pleas. In Slingluff et al. v. Weaver et al., 66 Ohio St., 621, the general effect of the act of May 12,1902, was determined to be “to deprive this court of jurisdiction to review any case in error where the judgment of the lower court has been or may be rendered since the passage of the act, and not coming within its terms.” Applying' this view to the case then under consideration, we decided that we were without jurisdiction to reverse a judgment rendered by the circuit court on June 6,. 1902. That case.did not require a consideration of the effect of the act upon our jurisdiction to reverse a judgment rendered before its passage but not actually brought here by the filing of a petition in error. Counsel for the motion to dismiss cause No. 8055, present the view that the act of May 12th, being strictly remedial, may have such operation as the legislature has provided, and that the third section of the act by which its effect is defined, excludes our jurisdiction in the present case. That section is: “Section 3.. This act shall take effect from and after its passage,, and shall apply to all causes of action existing, and actions pending at this time, in all courts inferior to. *147 the Supreme Couit.” But the act amended and repealed section 6710, which, at the time of the rendi-. tion of this judgment, undoubtedly authorized its review. We shall, therefore, ascertain the true meaning of the third section, and the intended operation of the act, by considering its terms in connection with those of Section 79, Revised Statutes, by which the, general operation of statutes is prescribed. The pertinent provisions are: “Nor shall any repeal or amendment affect causes of such action, prosecution, or proceeding existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act.” It is obvious that this general section so defines the subjects upon which remedial statutes may operate as to distinguish actions and causes of action from proceedings and causes of proceeding. And, further, that it restricts the operation of the amendment of remedial statutes to such of the defined subjects as are named in the amending act. That a resort by petition in error to a court of superior jurisdiction for the reversal of the judgment of a court of inferior jurisdiction is a proceeding in contemplation of the general section, was determined in Insurance Co. v. Myers et al., 59 Ohio St., 332, the decision of that case depending upon the construction which should be given to the third section of the act of April 25, 1898, amending Section 6710, Revised Statutes. It gave to that act the same operation which is given to the act of May 12, 1902, by its third section. That decision may be cited as full authority for the conclusion that the judgment of the circuit court, whose reversal is sought in case No. 8055, was, on May 12th, a cause of proceeding within the meaning of section 79. Since the act of that date does not, in terms, apply to causes of proceeding, the *148 right to prosecute the proceeding must, to satisfy the requirement of the general section, be regarded as continuing, notwithstanding the amendment.
The judgment, whose reversal is sought in cause .No. 8137, was not rendered by the circuit court until after the passage of the act of May 12,1902, and therefore it was not “a cause of proceeding existing at the time of such amendment.” The conclusion that jurisdiction to review the judgment was taken away by the act of May 12th, is required by the third proposition of the syllabus in Slingluff et al. v. Weaver et al., and justified by the opinion in that case.
But it is said that jurisdiction to review the judgment was conferred upon this court by the act to amend Section 6710, Revised Statutes, passed October 22, 1902, after the judgment of the circuit court was rendered. The act relied upon amends and repeals the act of May 12th, and it is admitted that it so amends section 6710 as prospectively to confer upon this court jurisdiction to review all judgments of the circuit court. It is also admitted that our jurisdiction in the present case would have been undoubted but for the act of May 12th. But in support of the motion to dismiss, it is said that the act of October is not retrospectively effective to confer upon this Court jurisdiction to review a judgment of the circuit court which was not subject to review when rendered. The intended operation of the act is described in its third section, which is as follows:
“Section 3. This act shall take effect from and after its passage, and shall apply to all causes of action existing, and to all prosecutions and proceedings, civil and criminal, and actions pending at this time, in all courts inferior to the Supreme Court, and shall also apply to all other such causes of action, prosecu *149 tions, proceedings and actions which were affected by the enactment and existence of the statute repealed by section 2 hereof, and as to all such causes of action, prosecutions, proceedings and actions, the right of commencing proceedings t© reverse, vacate or modify the judgments or final order therein, is hereby given and extended for thirty days from and after the passage of this act; provided, that nothing herein shall reduce the time allowed by Section 6723, Revised Statutes, for commencing any such last above mentioned proceedings.”
The acts of May and October*, 1902, were passed by the same general assembly, the former at a regular, the latter at an extraordinary, session. That the former act limiting the jurisdiction of this Court was regarded as an inadvertence, appears from the public history of the times, and particularly from the language employed in the third section of the act of Oc-' tober. The comprehensive terms of that section leave-no room to doubt that the general assembly intended' that it should operate to restore the jurisdiction of' this Court, which had been taken away by the act of May, and that the restoration should apply to judgments of the circuit court which had been rendered! in the meantime. If only a prospective operation of the act had been intended, there would have been no-occasion for the extension of time for commencing proceedings in error for thirty days after the passage of the act.
Was it competent for the general assembly to give to the act of October the retrospective operation! which it intended? In the briefs of counsel, and in very numerous decided cases, the validity of this and similar legislation has been denied for the several reasons that; (1) Such acts are not an exercise of *150 legislative power, and therefore, not within the constitutional grant of .power to the general assembly. (2) That if within that grant, they contravene such limitations upon the exercise of legislative power as that imposed by section 28 of article 2 of the constitution of this state that “The general assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts.” (3) They would result in the conditional taking of property without due process of law. In an important and obvious sense, statutes providing for the review of judgments are remedial, and it is not to be doubted that rights are acquired subject to the authority of the general assembly to amend statutes Regulating remedies for the enforcement of such rights, if the statutes operate prospectively, and while proceedings are in fieri. A case illustrative of this doctrine is Rairden et al. v. Holden, 15 Ohio St., 207. In that case the court approved the definition of a retrospective law given by Mr. Justice Story in The Society v. Wheeler, 2 Gall., 139: “Upon principle, every statute which takes away or impairs vested rights, acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past, must be deemed retrospective; and this doctrine seems fully .supported by the authorities.” ’That definition has been generally approved and adopted. It was recently adopted by the Supreme Court of the United States in Sturges v. Carter, 114 U. S., 511. It would seem obvious that the statute under consideration operating retrospectively, would impair the vested right of a judgment creditor by imposing upon him a new obligation with respect to the judgment, and taking away utterly his vested right in the immunity of *151 his judgment from review under the law as it stood when the rights of the parties were finally determined. To show the pertinency of numerous adjudicated cases, it is necessary to observe that, with respect to the present question, it is not practicable to distinguish between an appeal with a view to a trial de novo and a proceeding in error to review a judgment of an inferior court for error appearing upon its record. They are alike resorts to a jurisdiction which sections 2 and 6 of article 4 of our constitution denominate appellate, and they are equally effective to destroy the final character of the judgment rendered, by requiring the parties to bear the burden of a retrial upon questions of fact or of law, or both. A ■statute of this character was considered in Hill et al. v. Sunderland, 3 Vt., 507, and it was adjudged to be void. In the course of the opinion the question was propounded as suggestive of an inevitable answer: “When will be the end of strife if not when a judgment is rendered which is final by the laws then existing?” A judgment final when rendered is representative of property in its highest form, for there remains no condition or contingency to affect the vested right of the prevailing party. Attention to a few of the many harmonious cases will show that, for the reasons already stated, the act, if permitted to operate retrospectively, would affect rights which are so determined and established that it is not within the function of legislation to disturb them. In Stantford v. Barry, 1 Aikens, 314, an act to grant an appeal from a judgment previously rendered was held to be void “as being an exercise of power by the legislature, properly belonging to the judiciary.” In Atkinson et al. v. Dunlay, 50 Me., 111, a retrospective -operation was denied a statute providing for a review, *152 the court observing: “Judgments may be subject to be revised according to laws existing at the time of their rendition. This is a fixed and settled qualification of rights vested under them. But within this exception there can be no higher title to any right or interest whatever than that which arises from a regular judgment of law.” Like legislation of a retrospective character was held invalid in Davis v. Menasha, 21 Wis., 491, the court concluding: “So that this enactment so far as this cause is concerned must be held invalid; both because it attempts to destroy vested rights, and also because it is an .exercise of power on the part of the legislature which belongs to the courts.” In Taylor & Co. v. Place, 4 R. I., 324, an act of the general assembly to open a judgment of the common pleas so as to permit garnishees to' file additional affidavits, was held invalid as. an exercise of judicial power. For like reasons enactments providing for appeals from judgments which were final when rendered were declared void in McCabe v. Emerson, 18 Pa. St., 111; Lancaster v. Barr, 25 Wis., 560; Griffin’s Exrs. v. Cunningham, 20 Grat., 31; Beaupre v. Hoerr, 13 Minn., 366; Wieland v. Shillock, 24 Minn., 345; The Germania Sav. Bank v. The Village of Suspension Bridge, 159 N. Y., 362; and Dorsey v. Dorsey, 37 Md., 64. Indeed the cases in which these doctrines are held or conceded, are so numerous that the labor of collecting them belongs appropriately to the compilers of digests. That the conclusions are uniform upon the proposition that a judgment which is final by the statutes existing when it is rendered is an end to the controversy, will occasion no surprise to those who have reflected upon the distribution of powers in such governments as ours, and have observed the *153 uniform requirement that legislation to affect remedies by which rights are enforced must precede their-final adjudication. The act of October 22, 1902, can not have a retrospective operation.
The motion to dismiss cause No. 8055 is overruled,. that to dismiss cause No. 8137 is sustained.
Burket, C. J., Spear, Davis, Price and Crew, JJ., concur.