PREY and another, Appellants, vs. ALLARD and others, Respondents.

*September 9—December 2, 1941.*

*E. C. Smith* of Tomahawk, for the appellants.
*Frank E. Hebert* of Tomahawk, for the respondents.
The following opinion was filed October 7, 1941:

ROSENBERRY, C. J.   Neither counsel cited the case of
*Unmack v. McGovern* (1941), 236 Wis. 639, 296 N. W. 66,

in which it was distinctly held that a motion for summary judgment did not lie except in one of the classes of actions enumerated in sec. 270.635 (1), Stats. It is clear, as counsel concede, that this action does not fall within the statutory classification. Counsel for the defendants, however, sought to sustain the judgment under sub. (2), which provides:

"The judgment may be entered in favor of either party, on motion, upon the affidavit of any person who has knowledge thereof, setting forth such evidentiary facts, including documents or copies thereof, as shall, if the motion is by the plaintiff, establish his cause of action," etc.

Counsel read into sub. (2) the general provision of sub. (1), "Summary judgment may be entered as provided in this section in an action," and contends that sub. (2) applies to any action. It is clear, however, that motions for summary judgments are limited to the classes of actions enumerated in sub. (1), and sub. (2) does not enlarge that classification.

Sec. 270.635 (1), Stats., was amended by rule to provide:

"Summary judgment may be entered as provided in this section in any civil action or special proceeding," striking out the classifications theretofore set out in the statute. However, this amendment did not become effective until July 1, 1941, more than a year after the judgment in this case was entered. While there is no vested right in procedure, neither can a procedural change operate to confer jurisdiction as of the time of the commencement of an action where the cause of action has ripened into a judgment. While it is true that, as a general rule, statutes that are remedial only are retroactive, *Pawlowski v. Eskofski* (1932), 209 Wis. 189, 244 N. W. 611, they will be so construed only where they do not impair contracts or disturb vested rights. *Levy v. Birnschein* (1932), 206 Wis. 486, 240 N. W. 140.

In this case a judgment was rendered in favor of the defendants and against the plaintiffs. The controversy was

submitted to the court by stipulation of the parties as appears from the following extract from the record:

"The parties having stipulated in open court that motion for summary judgment, on behalf of the defendants, be submitted to the court on briefs. The defendants, above named, upon all the papers now on file, in said action, and upon the affidavits, etc., will move for summary judgment in favor of the defendants."

The record presents some novel questions. The circuit court undoubtedly had jurisdiction of the cause of action set out in the plaintiffs' complaint. At the time the judgment was rendered the court was not authorized by statute to proceed by way of a summary judgment and there can be no doubt that its procedure was in that respect erroneous. It is clear that the statutory provision authorizing a party to move for summary judgment is purely procedural. The statute did not enlarge the jurisdiction of the court. It amplified its procedure by allowing it to reach a final determination in another way. In this case, it appearing that the statute has in the meantime been amended by order, if the judgment is reversed on account of such procedural error and returned to the circuit court and the motion for summary judgment renewed, the same judgment would be rendered by the trial court, and from a judgment so rendered the plaintiff could again appeal.

Sec. 274.37, Stats., provides:

"No judgment shall be reversed . . . for error as to any matter of pleading or procedure, unless in the opinion of the court to which the application is made, after an examination of the entire action or proceeding, it shall appear that the error complained of has affected the substantial rights of the party seeking to reverse or set aside the judgment. . . ."

If the trial court had heard the matters set forth in the affidavits appearing in the record, upon the testimony of

witnesses, no question could arise as to its jurisdiction to enter the judgment. While technically the appellants, plaintiffs, are entitled to a reversal of the judgment for procedural errors, the reversal could avail them nothing except a postponement of the final disposition of this case, which has been pending in some form or other for more than six years. We have concluded to exercise the discretion conferred upon the court by sec. 274.37, Stats., and hold that under the peculiar facts of this case the procedural error is not prejudicial and to dispose of the matter upon the merits. We come to the conclusion the more readily for the reason that the parties submitted the matter to the trial court without objection to the procedure. Were it a matter of jurisdiction we should be obliged to reach a different result.

We shall not attempt to set out in any detail the long, tortuous history of the controversy between the parties. We have carefully examined the record which involves proceedings in a justice court, appeals to the circuit court, appeals to this court, actions in the county court, action in the circuit court, all relating to the same general subject matter. It seems to this court perfectly clear from the documentary evidence annexed to the affidavits that the trial court correctly held that all of the issues sought to be raised by the plaintiff in this action have been considered and disposed of in prior proceedings or the plaintiffs thereto are concluded by previous judgments or are estopped by laches.

*By the Court.*—The judgment heretofore entered is vacated and the judgment of the circuit court is affirmed, each party to pay his own costs and plaintiffs to pay the clerk's fees.

A motion for a rehearing was denied, with $25 costs, on December 2, 1941.