In re Farmers & Traders Bank of Wrightstown: Farrell, Guardian, and another, Appellants, vs. Cootway and others, Respondents.

*January 18—February 15, 1944.*

For the appellants there was a brief by the *Attorney General, Warren H. Resh,* assistant attorney general, *C. G. Mathys* of Madison, and *Richard J. Farrell* of Green Bay, and oral argument by *Mr. Mathys* and *Mr. Resh.*

For the respondents there was a brief by *Strehlow & Cranston* of Green Bay, and oral argument by *Max H. Strehlow.*

FOWLER, J. There is a motion to dismiss the appeal. The order appealed was made in proceedings to liquidate the assets of the segregated trust created in the stabilization of a bank under the Wisconsin statutes. It directed payment of a final dividend of twenty per cent of the face of the certificates issued by the trustees, refused interest thereon, and ruled the dividend to be in full payment of the certificates. The certificate holders, who are the beneficiaries of the trust, claimed to be entitled to interest on their certificates and the bank claimed to be entitled to the fund remaining in the hands of the trustees after payment of the dividend and the expenses of the banking commission in supervising the administration of the trust. The bank's claim was allowed. The trust was created in proceedings to stabilize a bank under the statutory provisions re-

ferred to and set out in the margin of the opinion of this court in *In re Farmers Exchange Bank,* 242 Wis. 574, 576, 8 N. W. (2d) 539, 9 N. W. (2d) 595. In that case we held that no appeal lay from an order of the circuit court made in proceedings to liquidate the segregated trust created in bank stabilization proceedings on the grounds that the statutes providing for the stabilization of banks and the creation of segregated trusts in such proceedings created a new remedy; that the proceeding is a "special proceeding;" and that where a new remedy by special proceedings is created, no appeal lies from orders made in such proceedings unless provision for appeal is expressly made in the statute creating the remedy. That decision would clearly rule this case except for the fact that the legislature shortly after its rendition and manifestly induced by it, by ch. 505, Laws of 1943, expressly granted the right of appeal from final orders made in special proceedings "without regard to whether" such proceedings involve new or old rights, remedies, or proceedings, and whether the right of appeal is given by the statute creating the remedy. (Sec. 274.33 (2), Stats.)

The instant order is a "final order" and the appeal from it was regularly taken within the statutory period for taking appeals.

The question for decision on the motion to dismiss is whether ch. 505, Laws of 1943, applies to an order such as the instant one made prior to its enactment.

The appellants rest their resistance to the motion to dismiss wholly on *Loehr v. Stenz,* 219 Wis. 361, 263 N. W. 373. That case involved a motion for a summary judgment dismissing the complaint. The order appealed denied the motion. When the order was entered the statute did not authorize an appeal from an order denying a motion for summary judgment but shortly after the order of denial was entered the legislature amended the statute to give an appeal from such an order. An appeal from the order denying the motion was

taken within the statutory period.    This court held the amendment authorized the appeal.

The *Loehr Case, supra,* would rule this case but for the fact that it did not involve a final order determining the rights of the parties.    The instant order, as it finally determined the right of the bank to the fund it claimed, has the effect of a judgment so determining; and as a statute creating a right of appeal where one did not before exist does not apply to judgments entered before its enactment, *Lancaster v. Barr,* 25 Wis. 560, the instant amending statute does not create the right of appeal in the instant case.    The rule of the *Barr Case* was followed in *Sydnor v. Palmer,* 32 Wis. 406.    It goes on the proposition that a judgment creates a vested right, and vested rights cannot be taken away by a statute.    The case of *Prey v. Allard,* 239 Wis. 151, 300 N. W. 13, also dealing with an amendment of the summary-judgment statute, recognizes the rule of the *Barr* and *Palmer Cases.*    It is said, page 153, that the amendment there involved "did not become effective until July 1, 1941, more than a year after the judgment in this case was entered.    While there is no vested right in procedure, neither can a procedural change operate to confer jurisdiction as of the time of the commencement of an action where the cause of action has ripened into a judgment."

The motion to dismiss the appeal must be granted.    This being so, this court has no jurisdiction to consider the case on the merits.

*By the Court.*—The appeal is dismissed.

MARTIN, J., took no part.