Leonard SALZMAN, Petitioner-Appellant,

v.

State of Wisconsin DEPARTMENT OF NATURAL RESOURCES and State of Wisconsin Department of Justice, Respondents-Respondents.

Court of Appeals

*No. 91-2246. Submitted on briefs March 16, 1992.—Decided March 24, 1992.*

(Also reported in 484 N.W.2d 337.)

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Leonard Salzman,* pro se, of Wausau.

On behalf of the respondents-respondents, the cause was submitted on the briefs of *Steven B. Wickland,* assistant attorney general.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. The state has moved pursuant to sec. 809.14, Stats., to dismiss as untimely Leonard Salzman's pro se appeal of a judgment dismissing his request for a declaratory judgment.[1] The state contends that Salzman's appeal is untimely because the state gave Salzman written notice of entry of the judgment and the appeal was not filed within forty-five days of entry of the court's June 27, 1991, judgment dismissing Salzman's complaint, pursuant to sec. 808.04(1), Stats.[2]

Salzman, on the other hand, asserts that the motion for reconsideration he filed alters the date on or before which his appeal must be filed. In addition, Salzman asserts that he did not receive notice of entry of judgment; therefore, the forty-five-day time limit under sec. 808.04, Stats., was not effective against him.

We conclude that pursuant to sec. 805.17(3), Stats.,[3] Salzman's motion for reconsideration operated to

---

[1]The validity of the motion for reconsideration in this case was not challenged on appeal. Therefore, we assume the motion for reconsideration was properly brought under the provisions of sec. 805.17(3), Stats., and do not address this issue.

[2]Section 808.04(1) provides in pertinent part:

> An appeal to the court of appeals must be initiated within 45 days of entry of judgment or order appealed from if written notice of the entry of judgment or order is given within 21 days of the judgment or order as provided in s. 806.06(5) . . ..

[3]Section 805.17(3) (effective July 1, 1991) provides:

change the time limits governing Salzman's appeal. Because Salzman's appeal was filed within forty-five days of the court's denial of his motion for reconsideration, we conclude that the appeal is timely. Because we conclude that Salzman's appeal is timely, we need not address his claim that he did not receive notice of entry of judgment.

The operative dates in this matter are as follows. On June 27, 1991, the trial court entered a judgment dismissing Salzman's request for a declaratory judgment. On June 28, Salzman filed a motion for reconsideration. Section 805.17(3) became effective July 1. On July 10, the state mailed a notice of entry of the trial court's June 27 judgment to Salzman and to the Marathon County clerk of court. The clerk filed the notice of entry on July 11. The motion for reconsideration was heard and denied on September 19, and an order denying the motion was entered on October 9. On September 19, Salzman filed his notice of appeal.

The state argues that because it filed a notice of entry of judgment, Salzman's time to file an appeal was limited to forty-five days from the June 27 judgment

Upon its own motion or the motion of a party made not later than 20 days after entry of judgment, the court may amend its findings or conclusions or make additional findings or conclusions and may amend the judgment accordingly. The motion may be made with a motion for a new trial. If the court amends the judgment, the time for initiating an appeal commences upon entry of the amended judgment. If the court denies a motion filed under this subsection, the time for initiating an appeal from the judgment commences when the court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within 90 days after entry of judgment the court does not decide a motion filed under this subsection on the record or the judge, or the clerk at the judge's written direction, does not sign an order denying the motion, the motion is considered denied and the time for initiating an appeal from the judgment commences 90 days after entry of judgment.

pursuant to sec. 808.04(1), Stats. Thus, the state argues the final date on which Salzman could file an appeal was August 12. Because he did not file an appeal on or before this date, the state argues that we must dismiss his appeal as untimely.

The first question we address is whether sec. 805.17(3), Stats., effective July 1, 1991, has any effect on the time period in which Salzman had to file his appeal. Under sec. 805.17(3), upon the filing of a motion for reconsideration, the time for filing an appeal does not begin to run until the trial court denies the motion on the record (or enters an order denying the motion, whichever occurs first) or the time for consideration of the motion expires.

The state claims that sec. 805.17(3), Stats., does not affect the time limit to appeal in this case. It argues that the judgment was entered prior to the effective date of this statute and that the statute should be applied prospectively only.

Whether a statute has retroactive or prospective application is a question of law that we review de novo. *City of Madison v. Town of Madison,* 127 Wis. 2d 96, 101, 377 N.W.2d 221, 224 (Ct. App. 1985). Where changes in legislation affect a remedial or procedural statute, the statute is to be applied retroactively unless there is a clearly expressed legislative intent to the contrary or unless retroactive application will disturb contracts or vested rights. *Gutter v. Seamandel,* 103 Wis. 2d 1, 17, 308 N.W.2d 403, 411 (1981).

> The distinction between substantive and procedural laws is relatively clear. If a statute simply prescribes the method—the "legal machinery"—used in enforcing a right or a remedy, it is procedural. If, however, the law creates, defines or regulates rights or obliga-

tions, it is substantive—a change in the substantive law of the state.

*City of Madison,* 127 Wis. 2d at 102, 377 N.W.2d at 224 (citations omitted).

■

There is no question that sec. 805.17(3), Stats., is a procedural statute. Consequently, we must determine whether the statute contains any clear expression of intent to be applied only prospectively. The state asserts that sec. 751.12, Stats., clearly expresses the intent that rules promulgated by the supreme court do not have retroactive application. Section 751.12 provides that "[t]he effective dates for all rules adopted by the court shall be January 1 or July 1. A rule shall not become effective until 60 days after its adoption."

■

The establishment of effective dates does not determine whether a statute will apply retroactively. All statutes have effective dates. Therefore, we conclude that the setting of two specific effective dates under sec. 751.12, Stats., for supreme court rules is merely a procedural framework for the adoption of rules and not a clear expression of intent that the statute applies only prospectively.

Because there is no clear expression of intent that the statute apply prospectively, we next address whether the retroactive application of sec. 805.17(3), Stats., to this appellate proceeding will interfere with any vested rights of the state. The state, citing *Farrell v. Cootway,* 244 Wis. 576, 12 N.W.2d 925 (1944), asserts that it has a vested right to the judgment of dismissal entered by the trial court. It argues that if we allow sec. 805.17(3) to be applied retroactively, it will interfere with this vested right.

529

*Farrell* does not control the outcome here. In *Farrell,* the issue concerned a nonappealable judgment that would be made appealable if the statute was given retroactive application. Here, the judgment in favor of the state is subject to appeal. The state has no vested right to its judgment until the time for appeal has expired. In this case, the forty-five-day appeal time limit had not expired at the time sec. 805.17(3), Stats., became effective. Therefore, at the time the statute became effective, the state had no vested right to the judgment.

In sum, the state had no vested rights that could be disturbed by application of sec. 805.17(3), Stats. It is a procedural law, and because there is nothing in its language indicating a clear legislative intent to the contrary, we hold that it applies retroactively.

Our analysis does not end there, however, because an apparent conflict between secs. 808.04(1), and 805.17(3), Stats., exists. Section 808.04(1), limits the time for appeal to forty-five days after entry of a judgment provided that notice of entry is given. Section 805.17(3) provides that the time for filing an appeal does not begin to run until after the motion for reconsideration has been denied or the time for considering the motion has expired. Under the literal language of the statutes, it is possible for the time to file an appeal to expire under sec. 808.04(1) before the time to file an appeal under 805.17(3) begins.

Where two statutes are in seeming conflict, it is our duty to harmonize them if possible so that each statute is given full force and effect. *Kaiser v. City of Mauston,* 99 Wis. 2d 345, 362, 299 N.W.2d 259, 269 (Ct. App. 1980). In order to harmonize two apparently conflicting statutes we may examine the history of the statutes and

the objects to be accomplished in order to ascertain legislative intent. *Wisconsin Fin. Corp. v. Garlock,* 140 Wis. 2d 506, 517, 410 N.W.2d 649, 653 (Ct. App. 1987).

Section 808.04(1), Stats., existed at the time sec. 805.17(3), Stats., was recreated with its current language. By enacting sec. 805.17(3), the court codified the manner in which trial courts are to handle motions for reconsideration, provided specific procedures governing these motions and designated the effect such motions had on appellate time limits. Section 808.04(1), on the other hand, was designed to speed up the appellate process where a party provides notice of entry of a final order or judgment.

To harmonize and give full effect to the intent behind both statutes, we conclude that the notice of entry of judgment still operates to reduce Salzman's appeal time to forty-five days. The measurement of the forty-five-day time period, however, begins upon disposal[4] of the motion for reconsideration as set forth under sec. 805.17(3), Stats. This construction gives effect to the procedure of limiting appellate time limits to forty-five days where notice of entry of judgment is given, while at the same time ensuring that motions for reconsideration retain their intended effect on the operation of appellate time limits.

Here, Salzman's motion for reconsideration was denied in open court on September 19, 1991. Salzman filed his notice of appeal on September 19, 1991. Salzman's prompt appeal is clearly within forty-five days of the disposal of the motion for reconsideration. There-

---

[4]Under the provisions of sec. 805.17(3), Stats., disposal of the motion occurs when the court either affirmatively acts upon the motion or when the time for reconsideration expires.

fore, his appeal is timely. The motion to dismiss the appeal as untimely is denied. The appeal shall proceed in accordance with the rules of appellate procedure with the appellant's brief due thirty days from the date of this decision.

*By the Court.*—Motion to dismiss appeal denied.