175 Wis.2d 527 (1993)
499 N.W.2d 282
CONTINENTAL CASUALTY COMPANY, Plaintiff-Appellant,[]
v.
MILWAUKEE METROPOLITAN SEWERAGE DISTRICT, Defendant-Respondent,
CH2M HILL CENTRAL, INC., Defendant-Appellant.
No. 92-0377.
Court of Appeals of Wisconsin.
Submitted on jurisdictional order May 6, 1992.
Decided March 30, 1993.
*529 For the plaintiff-appellant a response was filed by John J. Albert of Albert, Jude, Shuman & Simanek of Racine.
For the defendant-respondent a response was filed by James H. Petersen of Milwaukee, for Milwaukee Metropolitan Sewerage District.
Before Sullivan, Fine and Schudson, JJ.
SCHUDSON, J.
The issue in this case is whether the reconsideration procedure set forth in sec. 805.17(3), Stats., applies in a summary judgment context. We hold that the appellate deadlines established in sec. 805.17(3), Stats., do not apply in a summary judgment context, and, therefore, the appeal of Continental Casualty Company *530 and CH2M Hill Central, Inc., is dismissed for lack of jurisdiction.
On December 10, 1991, the trial court entered summary judgment in favor of the defendant, Milwaukee Metropolitan Sewerage District (MMSD), dismissing the complaint of the plaintiff, Continental Casualty Company. The judgment also provided that MMSD was "entitled to judgment on its counterclaim/crossclaim against Plaintiff and Defendant, CH2M Hill Central Inc., . . . for a total judgment of $81,578.76." On December 13, 1991, notice of entry of judgment was filed, thereby establishing the deadline for filing an appeal as January 24, 1992. See sec. 808.04(1), Stats.
Continental Casualty and CH2M filed a motion for reconsideration in the trial court. An order denying the reconsideration motion was entered on January 22, 1992. On February 10, 1992, Continental Casualty and CH2M filed a notice of appeal from the judgment and from the order denying their motion for reconsideration.
Because the notice of appeal was filed after the January 24 deadline, we requested jurisdictional memoranda from the parties. The parties were ordered to address the specific question whether the motion for reconsideration extended the deadline for filing a notice of appeal. If sec. 805.17(3), Stats., is applicable in summary judgment context, the notice of appeal was timely filed. If, however, sec. 805.17(3) is not applicable in a summary judgment context, then the notice of appeal was not timely filed and this court lacks jurisdiction.
Motions for reconsideration are commonplace in the trial courts of our state and, indeed, have become part of our common law. See Fritsche v. Ford Motor Credit Co., 171 Wis. 2d 280, 294, 491 N.W.2d 119, 124 (Ct. App. 1992). By order of the Wisconsin Supreme Court (dated March 12, 1991, effective July 1, 1991), *531 however, sec. 805.17(3), Stats, was adopted. Section 805.17(3) provides:
Reconsideration Motions. Upon its own motion or the motion of a party made not later than 20 days after entry of judgment, the court may amend its findings or conclusions or make additional findings or conclusions and may amend the judgment accordingly. The motion may be made with a motion for a new trial. If the court amends the judgment, the time for initiating an appeal commences upon entry of the amended judgment. If the court denies a motion filed under this subsection, the time for initiating an appeal from the judgment commences when the court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within 90 days after entry of judgment the court does not decide a motion filed under this subsection on the record or the judge, or the clerk at the judge's written direction, does not sign an order denying the motion, the motion is considered denied and the time for initiating an appeal from the judgment commences 90 days after entry of judgment.
[1-3]
When construing a statute, we must first look to the language of the statute. Marshall-Wisconsin Co. v. Juneau Square Corp., 139 Wis. 2d 112, 133, 406 N.W.2d 764, 772 (1987). If the language is ambiguous, that is, if "reasonably well-informed persons could understand it in more than one way," the rules of statutory construction "require us to look at the statutory context, subject matter, scope, history and object to be accomplished." Nick v. Toyota Motor Sales, 160 Wis. 2d 373, 380, 466 N.W.2d 215, 218 (Ct. App. 1991). Although sec. 805.17(3), Stats., on its face appears to be limited to trials, its language does not specifically exclude its applicability *532 in a summary judgment context. Accordingly, we conclude that 805.17(3) is ambiguous on this issue.
[4-6]
When construing an ambiguous statute, we consider the entire section of a statute and related sections in its construction or interpretation. Kerkvliet v. Kerkvliet, 166 Wis. 2d 930, 939, 480 N.W.2d 823, 827 (Ct. App. 1992). "[W]e do not read statutes out of context." Id. Additionally, although titles to subchapters, sections, paragraphs and subdivisions of statutes are not part of the law, see Sec. 990.001(6), Stats., and may not be considered to create ambiguities relating to statutes being challenged, titles may, nonetheless, be indicative of legislative intent. Pulsfus Poultry Farms v. Town of Leeds, 149 Wis. 2d 797, 805-806, 440 N.W.2d 329, 333 (1989). Further, statutes in derogation of common law are, generally, to be narrowly construed, and rules of common law origin are not to be changed unless such intent is clearly expressed beyond any reasonable doubt. See Kwiatkowski v. Capitol Indem. Corp., 157 Wis. 2d 768, 776-777, 461 N.W.2d 150, 153-154 (Ct. App. 1990); Kranzush v. Badger State Mutual Casualty Co., 103 Wis. 2d 56, 74, 307 N.W.2d 256, 266 (1981).
The minutes from the Judicial Council meetings during which amendment of sec. 805.17(3), Stats., was discussed clearly indicate that prior to its revision it applied only to post-bench-trial motions. See Minutes of the Dec. 21, 1990, meeting of the Judicial Council ("Currently [pre-revision], s. 805.17(3) applies only to bench trials."). The minutes also state that the subsection, as it was to be amended, would also only apply to post-bench-trial motions. See id. In fact, according to the minutes, the purpose behind sec. 805.17(3) was to allow trial judges to reconsider judgments in an attempt to avoid unnecessary appeals and to allow trial judges to hear *533 arguments that were often being presented for the first time at the appellate level. See Minutes of the Sept. 15 & Nov. 10, 1990, meetings of the Judicial Council. Moreover, the minutes from the numerous meetings and the various correspondence to and from the Judicial Council during the period revision of sec. 805.17(3) was being considered indicate that the council was attentive to the issues of: 1) how amendment of sec. 805.17(3) would affect appellate filing deadlines, and 2) preserving the distinction between motions for reconsideration, which are brought following a bench trial, and motions after verdict, which are brought after a jury trial. The issue of the applicability of sec. 805.17(3) in anything other than the post-bench trial context was never even considered.
Additionally, the related subsections and the chapter within which sec. 805.17(3), Stats., is found also provide guidance. Section 805.17(3) is contained within Chapter 805, entitled "Trials." That chapter sets forth the procedures by which a case is brought to trial. Section 805.17 is entitled "Trials to the court" and establishes the procedures and standards by which a case is brought to trial before the court. Further, sec. 805.17(1), (2) and (4) all contain language referencing actions tried by the court and without a jury. Thus, read within the context of sec. 805.17, it is clear that subsection (3) was intended to only apply to motions after a trial to the court.
Moreover, sec. 805.17(3), Stats., logically cannot apply in a summary judgment context. Section 805.17(3) states that "[u]pon its own motion or the motion of a party made not later than 20 days after entry of judgment, the court may amend its findings . . . or make additional findings . . . ." Significantly, however, trial courts do not make "findings" at the summary judgment stage. In fact, the summary judgment methodology of *534 sec. 802.08, Stats., prohibits a trial court from making "findings" of fact. See State Bank of La Crosse v. Elsen, 128 Wis. 2d 508, 515-516, 383 N.W.2d 916, 919 (Ct. App. 1986); Preloznik v. City of Madison, 113 Wis. 2d 112, 116, 334 N.W.2d 580, 583 (Ct. App. 1983). While one might argue that a trial court could, in a sense, make a "finding" that genuine issues of material disputed fact existed, see sec. 802.08(2), such an assertion would be legally incorrect. A trial court's determination that genuine issues of material disputed fact exist on a motion for summary judgment is a legal conclusion, thus explaining why appellate courts review trial court summary judgment determinations de novo, see Green Spring Farms v. Kersten, 136 Wis. 2d 304, 315, 401 N.W.2d 816, 820 (1987), rather than the deferential standard applied to findings of fact, see sec. 805.17(2).
Continental Casualty and CH2M contend, however, that Salzman v. DNR, 168 Wis. 2d 523, 484 N.W.2d 337 (Ct. App. 1992), requires a broad reading of sec. 805.17(3), Stats. Salzman is not controlling, however, because it never decided the issue before us in this case.
In Salzman, the court gave sec. 805.17(3), Stats., retroactive application to a motion for reconsideration filed pursuant to entry of a declaratory judgment and harmonized the appellate time limits of sec. 805.17(3) with those of sec. 808.04(1), Stats. Id., 168 Wis. 2d at 528-532, 484 N.W.2d at 338-340. The Salzman courtassumed without discussion and without analysis that a motion for reconsideration filed pursuant to entry of a declaratory judgment operated to extend the time for filing an appeal. See id. In fact, the Salzman court merely assumed sec. 805.17(3) applied to the fact situation in that case, stating: "The validity of the motion for reconsideration in this case was not challenged on appeal. Therefore, we assume the motion for reconsideration *535 was properly brought under the provisions of sec. 805.17(3), Stats., and do not address this issue."[1]Id., 168 Wis. 2d at 526 n.1, 484 N.W.2d at 338 n.1 (emphasis added). Because the precise issue presented in the instant case was not even addressed in Salzman, we reject the appellants' argument that Salzman requires a broad construction and application of sec. 805.17(3), Stats. See Fox v. Smith, 159 Wis. 2d 581, 586, 464 N.W.2d 845, 848 (Ct. App. 1990).
[7]
We, therefore, conclude that sec. 805.17(3), Stats., modifies the deadline for filing an appeal only when a reconsideration motion has been timely filed after a trial to the court.[2] When carefully analyzed, the statute is susceptible to no other reading.
[8]
Here, after summary judgment was entered, MMSD served notice of entry of judgment on Continental Casualty and CH2M, thereby shortening the time for initiating an appeal to 45 days after entry of judgment. See sec. 808.04(1), Stats. Although Continental Casualty and CH2M filed a motion for reconsideration in the trial court, that motion had no effect on the deadline for filing a notice of appeal. The notice of appeal was filed in the trial court on February 10, 1992-62 days after entry of judgment. Because Continental Casualty and CH2M did not timely initiate their appeal, this court has no *536 jurisdiction over the appeal. SeeRule 809.10(1)(b), Stats.
By the Court.Appeal dismissed.
NOTES
[] Petition to review filed.
[1] Furthermore, review of the appellate briefs from Salzman indicates the precise issue of sec. 805.17(3)'s applicability to a situation other than a post-bench trial motion was never raised.
[2] Our holding in this case does not, however, preclude a party from bringing a motion for reconsideration under sec. 802.08, Stats. We simply hold that the time limits in sec. 805.17(3), Stats., apply only to reconsideration motions brought after a trial to the court.