Norbert ORTH and James Orth, Plaintiffs-
Respondents,

v.

AMERITRADE, INC., Defendant-Appellant,†

AMERICAN WALLSTREET SECURITIES, Eric J. Walloga and
Kevin D. Ward, Defendants.

Court of Appeals

*No. 94–0140. Submitted on memorandums April 8,
1994.—Decided August 23, 1994.*

(Also reported in 522 N.W.2d 30.)

†Petition to review denied.

For the defendant-appellant the cause was submitted on the memorandum of *Mark B. Pollack* and *Maria S. Lazar* of Milwaukee.

For the plaintiffs-respondents the cause was submitted on the memorandum of *Paul R. Erickson* and *Colleen M. Fleming* of *Gutglass, Erickson & Bonville* of Milwaukee.

Before Wedemeyer, P.J., Sullivan and Fine, JJ.

PER CURIAM. Ameritrade, Inc., appeals from a trial court judgment entered in favor of Norbert and James Orth. Prior to filing its notice of appeal, Ameritrade moved the trial court to reconsider its decision pursuant to § 805.17(3), STATS. The trial court sent the parties a letter informing them that the motion for reconsideration was denied and that an order should be prepared to that effect. A written order was entered December 1, 1993, and Ameritrade filed its notice of appeal on January 12, 1994. This court asked the parties to submit memoranda addressing whether the appeal was timely filed and whether this court had jurisdiction over the appeal.

This case requires the interpretation and application of a procedural statute to determine whether Ameritrade's appeal was filed timely. We conclude that the trial court's letter was a denial of the motion "on the record" within the meaning of § 805.17(3), STATS., so that the time for filing a notice of appeal commenced on that date. Because the appeal was not filed timely, we dismiss it for lack of jurisdiction. *See* RULE 809.10(1)(b), STATS. (timely filing of a notice of appeal is necessary to give this court jurisdiction over an appeal).

## BACKGROUND

Norbert and James Orth sued Ameritrade, Inc., and other defendants alleging violation of Wisconsin

securities laws. After a trial to the court, judgment was entered in favor of the Orths. Judgment was entered August 25, 1993, and the Orths served notice of entry of judgment on Ameritrade on August 26, 1993. Thus, the deadline for filing a notice of appeal was shortened to forty-five days. *See* § 808.04(1), STATS.

Ameritrade filed a timely motion for reconsideration in the trial court pursuant to § 805.17(3), STATS. Section 805.17(3) provides that when a motion for reconsideration is filed in the trial court, "the time for initiating an appeal from the judgment commences when the court denies the motion on the record or when an order denying the motion is entered, whichever occurs first." In addition, the statute provides that if no order is entered within ninety days after entry of judgment, "the motion is considered denied." If the motion is "considered denied" under this provision, then the time for filing a notice of appeal commences ninety days after entry of judgment.

■■

Under *Salzman v. DNR*, 168 Wis. 2d 523, 531, 484 N.W.2d 337, 340 (Ct. App. 1992), a notice of entry of judgment given as to the initial judgment "still operates to reduce [the] appeal time to forty-five days" after a motion for reconsideration is filed in the trial court. "The measurement of the forty-five day period, however, begins upon disposal of the motion for reconsideration as set forth under sec. 805.17(3), STATS." *Id.*

By letter dated October 19, 1993, the trial court responded to the motion for reconsideration. The entire letter, addressed to both attorneys involved in the case, reads:

> I have received both your briefs re the motion for reconsideration in the above-captioned case. Please consider this letter my **Decision** on the motion. Nothing in the defendants' brief impels me to modify anything I have written or said in the past on this case. The Findings of Fact and Conclusions of Law previously filed will stand, unaltered. The motion must be denied, with statutory costs to the plaintiff. Counsel for the plaintiff shall prepare the appropriate order under the local rules. (Emphasis in original).

The letter was filed and listed in the trial court docket entries as a "written decision denying" Ameritrade's reconsideration motion. A written order denying reconsideration was entered on December 1, 1993, and Ameritrade filed its notice of appeal on January 12, 1994.

Ameritrade argues that its notice of appeal was timely filed because it was filed within forty-five days after entry of the order denying reconsideration. It claims that the October 19th letter did not initiate the time for filing an appeal, because the trial court's decision did not dispose of the reconsideration motion. In support of this contention, Ameritrade argues first that the trial court anticipated that a written order would subsequently be prepared and entered and therefore the order was not "final." Secondly, Ameritrade contends that the letter was not "on the record" so that the time for filing the appeal commenced to run. We reject each of these arguments.

## ANALYSIS

In support of its first argument, Ameritrade contends that the court should apply the standard finality analysis by which we determine whether an order or

judgment appealed from is final and therefore the appropriate document from which to appeal. *See, e.g., Radoff v. Red Owl Stores, Inc.*, 109 Wis. 2d 490, 493-94, 326 N.W.2d 240, 241 (1982) (order contemplating later entry of an actual judgment is not a final order for purposes of appeal).

Ameritrade's reliance on this court's jurisdictional case law is misplaced. Their appeal is not taken from the denial of their motion for reconsideration, but from the judgment entered August 25, 1993. *See Ver Hagen v. Gibbons,* 55 Wis. 2d 21, 25-26, 197 N.W.2d 752, 754-55 (1972) (no right to appeal exists from an order denying reconsideration which presents the same issues as those determined in the judgment sought to be reconsidered). In addition, there is no requirement in § 805.17(3), STATS., that a written order on a reconsideration motion be entered before an appeal can be commenced even if the trial court anticipates entering a written order at a later date. The statute simply provides that the time for initiating an appeal commences on the date the motion is denied "on the record" or "when an order denying the motion is entered, whichever occurs first." The fact that a reconsideration motion is to be "considered denied" if no written order is entered within ninety days reinforces the notion that § 805.17(3) does not require that a written order be entered.

Ameritrade also contends that the October 19, 1993, letter decision, although a denial of its motion, was not "on the record" and, therefore, the time for initiating an appeal did not commence on that date. In support of this contention, Ameritrade argues that "the phrase 'on the record' is subject to at least two distinct definitions and is thus 'ambiguous'." Ameritrade con-

167

tends that the phrase could be read restrictively to mean "only statements made in open court and transcribed by the reporter," or, more expansively, to include written statements to the parties that a decision had been made to deny the motion. We agree with Ameritrade that the statute appears susceptible to both readings. We disagree, however, that Ameritrade's restrictive reading is the correct one.

"When construing a statute, we must first look to the language of the statute." *Continental Casualty Co. v. Milwaukee Metro. Sewerage Dist.*, 175 Wis. 2d 527, 531, 499 N.W.2d 282, 283 (Ct. App. 1993). If the language is ambiguous, "the rules of statutory construction 'require us to look at the statutory context, subject matter, scope, history and object to be accomplished.' " *Id.* (citation omitted).

Although § 805.17(3), STATS., could be read in the manner Ameritrade advocates, Ameritrade points to nothing in the "subject matter, scope or history of the statute" to support its argument. On the other hand, the conclusion that we reach here — that the trial court's letter was a written decision "on the record" — is consistent with the reconsideration statute's scope and purpose.

On its face, the purpose of § 805.17(3), STATS., is to provide a party an opportunity to pursue reconsideration of a trial court decision and to give the trial court adequate time to consider such a request. It is also the clear intent of the statute to permit sufficient time for an appeal in the event that the reconsideration motion is denied. Given the scope and context of the statute, including the fact that no written order is required to initiate the time for filing an appeal, the phrase "on the record" thus connotes a formal decision, formal notifi-

cation to the parties of the decision, and an entry of the decision in the trial court's file.

All these formalities were observed in this case. The trial court sent the parties a letter telling them that the reconsideration motion was denied. The parties were advised by the trial court to consider the letter its decision on the motion. The letter was filed and listed as a decision on the reconsideration motion in the trial court docket entries. The trial court's letter was thus as much a denial "on the record" as an oral decision recorded by a court reporter. Consequently, the time for initiating the appeal under § 805.17(3), STATS., commenced upon issuance of the letter. Because Ameritrade's appeal was not timely filed, this court is without jurisdiction. *See* RULE 809.10(1)(b), STATS.

*By the Court.*—Appeal dismissed.